## SCHNIERLE v SCHNIERLE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17881. Decided Dec 31, 1940

Henry S. Gollard, Cleveland; Halle, Haber, Berick & McNulty, Cleveland, for plaintiff-appellant.

Sylvester Marx, Cleveland, for defendant-appellee.

**OPINION**

By MORGAN, J.

On October 29, 1937, a divorce was granted the plaintiff appellant from the defendant appellee, and the plaintiff was awarded custody of a minor child, a daughter then three and a half years old. The defendant was ordered by the decree to pay to the plaintiff "the sum of $25.00 per month for the maintenance of the said child * * * until said child is sixteen years old." The child became sixteen years of age on January 14, 1940. The defendant paid to the plaintiff for the child's support $25.00 per month until the year 1933 and $16.00 per month thereafter until the child became sixteen years of age.

The plaintiff filed a motion in the divorce case alleging that defendant was in arrears in his payments under the decree from and including 1933 to January 14, 1940, to the extent of $9.00 per month or $756.00 in all, and praying that she be given a judgment against the defendant for $756.00.

At the hearing on the motion in Common Pleas Court, the defendant testified that early in 1933 he informed the plaintiff that owing to the depression, his earnings had been much reduced, that he could not continue to pay $25.00 per month for the child's maintenance but that he could and would pay the plaintiff for this purpose $16.00 per month.

Defendant further testified that he told the plaintiff at that time that he planned to ask the Common Pleas Court to modify the decree by reducing the monthly payments required from $25.00 to $16.00 per month; that the plaintiff replied that it would not be necessary for him to go to court about the matter and that she would accept $16.00 per month in full payment of defendant's obligation to support the child.

The plaintiff at the hearing admitted that beginning in 1933 she had received payments from the defendant for the child's support at the rate of $16.00 per month until the child became sixteen years of age, but the plaintiff denied that she had agreed to accept $16.00 per month in full payment of defendant's obligation.

The trial court held that an agreement between the parties was entered into by which, beginning in 1933, the plaintiff would accept $16.00 per month from the defendant in full payment of his obligation to support the child, and that such agreement was legal and binding on the parties and accordingly, plaintiff's motion to reduce the alleged arrearages to judgment was overruled.

The plaintiff appellant contends in this court, 1st, that the defendant's claim as to an agreement between the parties in 1933 was not supported by sufficient evidence and was against the weight of the evidence, and 2nd, that such an agreement, if made, would have been contrary to law and illegal.

In view of the fact that the plaintiff took no action of any kind from 1933 to February 13, 1940, when this motion was filed, to collect more than $16.00 per month from the defendant and that during all of this period, with one possible exception where the evidence is in conflict, she made no protest and expressed no dissatisfaction to the defendant as to the amount she was receiving from him for the support of the child, it is our conclusion that the holding of the trial court is not against the weight of the evidence.

There remains the question whether the agreement cannot be enforced because it is contrary to law. It is plaintiff's first claim on this branch of the case that the agreement was without consideration, being based on an alleged promise of plaintiff to accept a lesser sum in full payment of a legal obligation of the defendant to pay a larger sum.

It is generally recognized that any consideration, however trifling, will support such an agreement.

6 Ruling Case Law 665:

"At an early date the rule that the performance of a legal obligation does not furnish a consideration for a contract, was applied to a promise to discharge a liquidated debt upon the payment of a smaller sum on the day fixed by the contract or after default. This conclusion has been generally adhered to, and the rule thus established still prevails in most jurisdictions. But even in these jurisdictions the courts have frequently criticized the reasonableness or fairness of the rule. As the rule is not favored the decisions indicate in a striking manner the extreme ingenuity of the courts in avoiding its operation. They have failed to apply the rule whenever they could discover some circumstance, however trifling, which could be considered as a technical legal consideration."

At the time that the agreement between the parties was entered into in 1933, no amount was then due from the defendant to the plaintiff. The court that entered the decree fixing the monthly payment for the child's support at $25.00 per month, had the right to modify it.

The defendant testified that he refrained from going to court in 1933 to have the amount of the monthly payment reduced to $16.00 per month be-

cause the plaintiff stated to him that she would accept the lesser amount in full payment and that it would not be necessary for him to take the matter to court.

By foregoing the exercise of this right, the defendant furnished a sufficient consideration to support the agreement.

6 Ruling Case Law 658:

"It is not essential that the consideration should import a certain gain or loss to either party. It is sufficient that the party in whose favor the contract is made foregoes some advantage or benefit, or parts with a right which he might otherwise exert."

The present case is analogous to the one where plaintiff accepts a lesser amount in full payment of a judgment, in consideration of defendant refraining from taking an appeal. There would be no certainty in such a case that the defendant would succeed on the appeal in securing a reversal of the judgment any more than there was any assurance that the defendant would have been successful in 1933 in persuading the court of common pleas to modify the decree as to monthly payments. Nevertheless, the foregoing of a right by the defendant in both cases would furnish a valid consideration for such an agreement.

That a judgment can be satisfied by the payment of an amount less than the face of the judgment, at least when the defendant is insolvent, was decided in **Harper v Graham, 20 Oh St 106.** Judge Ranney, in his opinion, did not rest his decision principally on the insolvency of the defendant. He severely criticized the general rule in the following words:

"It was very early settled as a rule of the common law, that the payment of less than the sum due upon the liquidated demand, although agreed to be received in full satisfaction, could not be insisted upon as such, because there was no valuable consideration to uphold the agreement to relinquish the balance. But if the party to whom the money was coming executed a release, under seal, for the same debt, he was effectually barred, although he should have received nothing upon it.

The rule and the reason were purely technical, and often fostered bad faith. The history of judicial decisions upon the subject has shown a constant effort to escape from its absurdity and injustice."

Judge Ranney then gives illustrations where courts have been able to find on very slight grounds, adequate considerations in this class of case, and continues:

"It may seem to some persons, not having a great veneration for those institutions of antiquity, for which no reason can be given, that a rule so effectually undermined, and having neither rhyme nor reason to support it, ought to be at once overruled and the whole matter placed on the footing of reason and common sense. Especially, as the exigencies of modern commerce frequently compel the most deserving men, with the aid of friends, to compromise their debts for less than the amount due—an operation mutually beneficial to both debtor and creditor, as the creditor gets a part, where otherwise he would lose the whole, and the debtor is left free to commence again with the hope of better success. These considerations will necessarily arise whenever it becomes necessary to decide the general question. In this case we aspire to nothing higher than to follow in the footsteps of the sages of the law, and hold this one of the cases 'taken out' of the rule."

So, in the present case it is possible in the manner already pointed out "to follow in the footsteps of the sages of the law and hold this one of the cases 'taken out' of the rule."

In at least one class of cases many courts have modified the general rule and have placed, as stated in Judge Ranney's opinion "the whole matter upon the footing of reason and common sense." A good illustration is the case of Land Company v Kalman et,

190 Minn. 601 (1934). In that case the court held, (Syllabus 4):

"4. Where it appears that a lessee, due to general business depression, is losing money in the operation of its business, and will be obliged to vacate the premises unless the amount of rent is reduced, an agreement to modify the lease as to the amount of rent to be paid is valid and is supported by a sufficient consideration. Ten Eyck v Sleeper. 65 Minn. 413, 67 N. W. 1026, approved and followed."

It is to be noted that the same general business depression upon which the Minnesota court laid stress was the cause of defendant's reduced income in 1933.

This and similar decisions just cannot be reconciled with the general rule and a few States have done away with the rule entirely by statute. N. C. Consolidated Statutes §895. Maine, Revised Statutes 1930, c. 96 §65. Va. Code 5765.

The English Law Revision Committee, 6th Interim Report, page 31 (1937) recommended the following:

"An agreement in which one party makes a promise in consideration of the other party doing or promising to do something which he is already bound to do by law, or by a contract, made either with the other party or with a third party, shall be deemed to have been made for a valuable consideration."

It is thus seen that the recommendation of the English law Revision Committee goes well beyond the legislation referred to in three of our States.

When remedial legislation of this character is more generally adopted, we shall not find in the law reports in the future statements like the following pronounced by Baron Alderson in the well known English case, Sibree v Tripp, 15 Mees & Wels 37.

"If you substitute for a sum of money a piece of paper or a stick of sealing wax, it is different and the bargain may be carried out in its full integrity. A man may give in satisfaction of a debt of £100 pounds a horse of the value of £5 pounds, but not five pounds."

Could any lawyer explain the above statement to the average business man not learned in the law and make him see any sense in it? We think not. Doctrines and statements like the above from Sibree v Tripp, are what bring the law into disrepute.

It is likely that the general rule has been frozen into the law in the Restatement of the Law of Contracts Topic 9, §417 (c), so that Judge Ranney's hope, based on the belief that this "rule so effectually undermined, and having neither rhyme nor reason to support it, ought to be at once overruled" will not be realized. Nevertheless, we are fortunate in this case that this "institution of antiquity for which no reason can be given" does not prevent us from giving effect to the agreement between the parties in this case, because, 1st, when the agreement was made there was no money due the plaintiff, so in the words of the Restatement there was no "mature duty to pay a liquidated sum of money." 2nd, the foregoing by the defendant of his right to ask the common pleas court to modify the decree was a sufficient consideration.

Plaintiff further contends that the agreement between the parties in this case to reduce the monthly payments to be made by the defendant for the child's support is illegal because under the law the wife cannot release the support payments decreed for the child.

If the best interests of the minor child would be affected or jeopardized by enforcing the agreement we would have no difficulty in holding that she could not be bound by the agreement. Such a question would have been presented if, while the child was under 16 years of age, the plaintiff had brought contempt proceedings to compel the payment by the defendant of $25.00 per month for the child's support. If, in such a proceeding, the defendant had relied on a pre-

vious agreement with the plaintiff to reduce the payments to $16.00 per month, we have no doubt but that a court, if it should find that the plaintiff needed $25.00 a month to support the child, and it was a reasonable amount for the defendant to pay, would not have been bound by the agreement and would have compelled the defendant to pay plaintiff a reasonable amount for the child's support, notwithstanding the agreement.

The cases which have been cited to us by plaintiff's counsel are cases of this character. The courts in these cases deemed themselves not bound by an agreement between the parties when the interests of the child were directly involved and adversely affected.

Dutcher v Dutcher, 103 Kansas 645, is the only case called to our attention where the facts were strikingly similar to those of the present case. In that case the decree of divorce between the parties provided that "the defendant pay to the complainant as alimony, the sum of $9.00 a week * * * and out of said alimony said complainant shall pay for the education of the son, Merlin Dutcher."

The plaintiff brought the action to recover $588.00 then unpaid under the decree. The defendant answered that the plaintiff had agreed orally with the defendant to accept $30.00 a month and that he complied with the agreement. On a demurrer to the answer the court said:

"The plaintiff was given $9.00 a week alimony, and out of that she was pay for the education of the child. The defendant was not, by the judgment, released from his obligation to support the child, neither was he released from that obligation by the contract he made with the plaintiff. It does not appear that the plaintiff cannot pay for the education of the child out of the $30.00 a month. * * * It follows that the plaintiff is bound by the arrangement she made with the defendant concerning the amount of payments to be made by him, and concerning the times of making such payments."

If the plaintiff were awarded the judgment she seeks in this case, the judgment would belong to her and not to the child. The judgment would not require her to pay any sum recovered in support of the child. Her claim to a judgment for the arrearages is really a claim to be recompensed for her support of the child before reaching 16 years of age; but there is nothing in the record going to show that the child was not properly cared for or that the plaintiff found $16.00 per month insufficient to support the child. There was no evidence offered that this amount was not, under all the circumstances, a reasonable amount for the defendant to pay during and after 1933 for the child's support. After the decree of 1927 and before 1933 both plaintiff and defendant married again. The defendant thereby assumed additional obligations with a diminished income and plaintiff by marriage found a new home for herself and the child. There is nothing in the record tending to show that the agreement which the trial court found was entered into by the parties was obtained by duress or by any unfair or improper means.

The plaintiff was under no disability that prevented her from making an agreement with her former husband on any matter including the payments he should make for the support of their child.

In view of the fact that the child is not interested in the judgment sought to be obtained in this case no good reason has been advanced why this agreement should not be recognized and given effect by the court.

The judgment is affirmed.

TERRELL, PJ., concurs.
LIEGHLEY, J., dissents.

LIEGHLEY, J.

Dissents for the reason that a court order made in a divorce case for the benefit of a ward of the court may be discharged only by payment or modification directly sought and allowed.

TERRELL, PJ., (concurring):

I concur in the judgment for the reason that the action of the trial court upon the evidence was justified.

The award to plaintiff for the support of the child was a mere order of the court subject at any time to change by the court. It could have been enforced by the court to the full extent by contempt proceedings against the defendant. It never could have been enforced by the plaintiff as a judgment until it was reduced to judgment. At all times prior to the entry of this judgment the trial court, in the exercise of its discretion, had a lawful right to enter judgment or to refuse to enter judgment upon said award.