BIDINGER, APPELLANT, v. BIDINGER, APPELLEE.

(No. 4027—Decided May 31, 1950.)

*Mr. I. S. Ballard,* for appellant.

*Mr. Carl M. Myers,* for appellee.

HUNSICKER, J. Alice M. Bidinger, appellant herein, in December, 1930, was granted a divorce from Charles M. Bidinger, appellee herein, by the Common Pleas Court of Summit County, Ohio. The decree of divorce, with respect to the care and custody of the child of the parties, was as follows:

"* * *

"Coming to the question of the custody, care and control of the minor child and the amount to be paid for its support, and also the question of a settlement of the property rights of the parties hereto, and it appearing to the Court upon representation of the parties and counsel for said parties that a settlement has been made covering these matters, and upon examination of said settlement the Court finds the same to be fair and reasonable and therefore makes an order in accordance with said settlement which is as follows:

"It is ordered and adjudged by the Court that the care, custody and control of said minor child Phyllis

June be confided to the mother Alice Margaret Biding-er and that the defendant Charles Michael Bidinger shall have the right of visiting his child once a week on alternating Saturdays and Sundays; that is, during the week that he sees the child on Sunday he shall see it on the following week on a Saturday between the hours of 2:00 o'clock and 6:00 o'clock p. m., on said days. The Court further orders that the defendant pay to the plaintiff as and for support of said minor child the sum of Five Dollars ($5.00) per week, the first payment being due on Saturday, November 29th, 1930, and payable on each Saturday thereafter until said child reaches the age of eighteen years or until further order of the Court.

"* * * *"

The record in this case shows that in June, 1933, January, 1934, and January, 1935, Alice M. Bidinger sought to enforce the order of support by contempt proceedings. In June, 1933, the Common Pleas Court found Charles Bidinger $330 in arrears in his payments of support for the child. In May, 1935, Charles Bidinger filed a motion to change the custody from Alice Bidinger to himself, alleging: that such child was outside of Summit county without the permission of the court; that the child was not in the care of Alice Bidinger, and that he, Charles Bidinger, had a suitable home; and asking that the child reside with him.

The parties, as shown by the bill of exceptions before us, testified that they had a joint hearing of some nature on both the contempt proceedings filed January, 1935, and the motion for change of custody filed May, 1935. No journal entry showing the disposition of these proceedings was ever filed.

In March, 1948, Alice Bidinger filed a motion seeking a determination of the amount of unpaid support money and a judgment for the amount so found to have

been unpaid on such support order, as set out in the decree of divorce filed December 9, 1930. The child, at the time of this motion, was nearly 18 years of age.

At the hearing on such motion for determination of and judgment for the arrears, Charles Bidinger sought and was granted leave by the trial court to make a so-called oral motion for modification of the support order, which motion was later reduced to writing and filed. This motion of Charles Bidinger was as follows:

"Now comes the defendant and moves the Court to modify the order of support heretofore entered in this case for the following reasons:

"1. The parties by agreement made in 1935 provided that the defendant waived his right to have the child in Akron where he would have the right of visitation and the plaintiff waived her right to past and future support.

"2. The child has for many years been self-supporting.

"3. The plaintiff has had neither the custody nor control or furnished support for the child since the order was made granting her the custody of said child.

"Defendant asks that the order of modification be made retroactive so as to take effect as of the date the Court finds there was a change in the circumstances which existed at the time the order was made."

At the hearing on the motion of March, 1948, filed by Alice Bidinger, and the oral motion of Charles Bidinger, which was later reduced to writing and filed, the facts disclose that: the child became 18 years of age on June 15, 1948; at all times since its birth, such child has lived with the mother of Alice Bidinger outside of Summit county, Ohio; Alice Bidinger paid no stated or regular amount for the support of such child but did purchase for her some clothing and other things needed by the child; Charles Bidinger paid

varying amounts each year for the child but less than the order of support required; the child, while very young, assisted her grandmother in a small store, which the grandmother operated; the child is now employed part time; for a period before she became 18 years of age, she was earning a small sum each week working in the city of Ashland, Ohio, her present home; no request was made to Charles Bidinger by Alice Bidinger for support of the child between the hearing of 1935 and March, 1948; the grandmother of the child made no request of Charles Bidinger for payment for the care and support she furnished the child; Alice Bidinger did not remarry; Charles Bidinger remarried and has three children as issue of such marriage.

The trial court overruled the motion of Alice Bidinger for a finding of the amount due on such support order and for judgment therefor, and granted the motion of Charles Bidinger for modification of the original order of support and found as follows:

"And the Court now coming to consider the motion of the defendant for modification of the former order made herein with reference to the support of the minor child of the parties hereto, and plaintiff's motion for a hearing on defendant's said motion; and upon consideration thereof the Court overrules plaintiff's motion for a hearing of defendant's motion, and sustains defendant's motion for modification of said former order.

"It is therefore ordered that the defendant be relieved of all obligations of the original decree."

At the hearing on the motions, Charles Bidinger testified that, as a result of his motion for change of custody filed in May, 1935 (which motion, although not journalized, was heard in conjunction with the proceeding in contempt instituted by Alice Bidinger in

January, 1935), he entered into an agreement with his former wife to the effect that, if he would not insist on the return of the child to Summit county, and, if he would permit the child to remain with the maternal grandmother, she, Alice Bidinger, would release him from all past due payments awarded to her, and would accept for future payments—that is, those due after such date (May, 1935)—such amounts as he could afford to pay toward the support of their child until the child became 18 years of age.

Alice Bidinger denied that any such agreement was made or that such a subject was discussed. It is to be noted, however, that no further efforts were made by Alice Bidinger to enforce the support order until after a lapse of 13 years, during which time Charles Bidinger paid only small amounts of money, through the clerk of courts of Summit county, to Alice Bidinger. No payments were made by the parties to the maternal grandmother.

The question determinative of this appeal is: May an agreement be entered into between a father and a mother, formerly husband and wife, after a decree of divorce and custody of their child has been awarded the wife, mother of the child, releasing the father from such order of support payable to the mother?

We do not have in the instant case a question of the power of the court to modify due and unpaid installments of an order of support of a minor child upon motion made by the person ordered to pay such support money, nor do we have the question of the effect of an agreement to release a father from liability for support where a court later decrees such support. Both of these questions were recently before the Supreme Court of Ohio in the case of *McPherson* v. *McPherson*, 153 Ohio St., 82, 90 N. E. (2d), 675, wherein it was determined that the court has no such power,

and that such an agreement, if made, becomes merged with the order for support, and the order of the court supersedes such agreement.

We do not understand, by the rule established in *McPherson* v. *McPherson, supra,* and in *Tullis* v. *Tullis,* 138 Ohio St., 187, 34 N. E. (2d), 212, that an order of support for a child, entered by the court as a result of an agreement of the same parties, may not be changed by mutual consent, so as to be effective between such parties. See, also, 6 A. L. R. (2d), 1302.

Alice Bidinger did not establish that she expended her own funds for the care of the child, for, as a matter of fact, she, by her own admission, paid nothing to the grandmother for support of the child, and purchased only some clothing and such other things as the child needed. ' No value was sought to be placed on these articles. For all that we are able to know from the record before us, the sums which Charles Bidinger paid may have been sufficient to cover their cost.

No claim is here made by the maternal grandmother to recover for the care by her of the child of the parties. She is not before the court, and we do not intend, by these statements, to discuss or determine the merits of any rights she might have in a separate and independent action against the father of the child, nor the merits of any defenses which the father might have to such an action.

Charles Bidinger could not escape, by any agreement he made with his former wife, the duty he owed to the state and general public to support his child; however, as between his former wife and himself, an agreement to pay so much as he could for such child's support, and the fulfillment of that promise, presents a much different situation. In the case of *Bowen* v. *State,* 56 Ohio St., 235, at p. 239, 46 N. E., 708, the court said:

"But the duty he (a father) owes the public of saving it from the expense of supporting his children, is personal and continuing, and cannot be affected by any agreement he may make with another. He must answer to the state for his omission of that duty, and look to the other contracting party for any breach of the contract."

The persons sought to be bound by the claimed agreement are Charles Bidinger and Alice Bidinger. The child of the parties was not jeopardized; she was being supported, not by the one to whom the court gave custody, but by the grandmother. During the 13 years the claimed agreement was in effect, neither Alice Bidinger nor her mother sought to enforce the original order or seek any increase in the payments as made by Charles Bidinger.

If Alice Bidinger were to recover a judgment in this action, the judgment would be hers and not the child's. The child is now nearly twenty years of age, and her support was fully provided for by the grandmother and not her mother. There was no debtor-creditor relationship established herein whereby Alice Bidinger became a creditor of Charles Bidinger—she had no proprietary interest in the award except possibly to the amount she expended from her own funds for the child's support, and for which she could claim reimbursement from the amount the father was required to pay. See *Schnierle* v. *Schnierle,* 33 Ohio Law Abs., 212, 33 N. E. (2d), 674.

In the instant case, we have a judgment for unpaid support entered in 1933, and a subsisting award which one party desires to surrender for promises by the other: first, not to press the motion to change custody or to return the child to the county where the divorce action was heard; second, not to remove the child from the maternal grandmother; third, to pay such amounts

in the future as it is possible to pay for the care of this child. It may be that the latter promise will not support the requirement of consideration necessary to make the agreement effective, but certainly, an agreement to forego the other rights is sufficient consideration to support the agreement upon which the trial court based its judgment. Forbearance to pursue a legal right is a sufficient consideration to support an agreement.

The judgment in so far as it sought to relieve the father, Charles Bidinger, from "all obligations of the original decree," is susceptible to a construction that he is relieved of all responsibility for the support of his child to all persons, including the grandmother, who for many years was the sole support of his child.

The said judgment is therefore modified by providing that, as between the parties to this action, Charles Bidinger is relieved (by reason of his agreement with his former wife) from paying to Alice Bidinger the support money ordered by the trial court in the original judgment for support of his child.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.

The judgment is modified, and, as modified, is affirmed.

*Judgment accordingly.*

STEVENS, P. J., and DOYLE, J., concur.