**McCABE, Plaintiff-Appellee, v. McCABE, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4048.   Decided June 9, 1959.

James C. Vitullo, Solomon Malkoff, Youngstown, for plaintiff-appellee.

Joseph P. Morgan, Youngstown, for defendant-appellant.

### OPINION

Per CURIAM.

The parties were divorced on December 14, 1945, and plaintiff was granted custody of their daughter, Carolyn Lee McCabe, and an allowance of $50.00 a month for her support, subsequently modified to $40.00 a month, was ordered paid through The Youngstown Humane Society, whose aid in collecting such payments plaintiff solicited as late as 1950.

Subsequently plaintiff married Steve Morey, who intended to but never adopted Carolyn Lee McCabe, though defendant orally promised to consent to such adoption.

In January 1951, plaintiff wrote defendant that "if you will pay the alimony until the month of July (1951) that is all we ask of you. That is for and up to the month of June and then that's all."

In 1951 the parties agreed that if defendant would agree to plaintiff and her husband adopting Carolyn Lee McCabe, and defendant would pay the support order "up to July 1951," plaintiff would waive her right to all past or future support payments. The agreement in the form of a letter is in evidence as Defendant's Exhibit 1, and is as follows:—

"Wally,

"Am again back in Roswell, as Steve's trip has been cancelled till later. I am writing to tell you, that Steve has asked me to write you and ask you if you will pay the alimony until the month of July, that that is all we ask of you. That is for and up to the month of June and then that's all.

"Hope you all had a nice holiday, and best wishes for the New Year.

Sincerely yours,

Alberta

806 N. Delaware

Roswell, N. M.

"P. S. It will be the same as we spoke about over the phone."

The journal entry of the trial judge filed January 20, 1959, reads:—

"This 15th day of January, 1959, this cause came on to be heard upon the motion of the plaintiff to have back support money due to the plaintiff for the support of the parties minor child, Carolyne McCabe, in the amount of Three Thonsand Eight Hundred Thirty Six ($3,836.00) Dollars, reduced to a judgment and the court being fully advised in the premises finds that said motion is well taken and is therefore sustained .

"It is therefore ordered, adjudged and decreed that the back support money due plaintiff for the support of the parties minor child, Carolyne McCabe, is hereby reduced to a judgment in the amount of Three Thousand Eight Hundred Thirty Six ($3,836.00) Dollars and that the plaintiff, Alberta R. McCabe, now Alberta R. Morey, recover from the defendant, William S. McCabe the sum of Three Thousand Eight Hundred Thirty Six ($3,836.00) Dollars.

"The judgment shall take effect immediately upon the filing of this journal entry.

"Execution on said judgment may be levied immediately.

"Exceptions to all parties concerned."

Defendant appealed from the foregoing judgment to this court on questions of law and asks us to answer the question "whether an agreement between a father and mother, formerly husband and wife, the custody of their child has been awarded to the wife, may agree between themselves to release the father of an order of support," which we answer affirmatively if all of the conditions and covenants of such agreement are kept and performed by the respective parties.

In the case of **Bidinger v. Bidinger**, 89 Oh Ap 274, upon which

defendant relies heavily to secure a reversal of the judgment of the trial court, a divorce had been granted between the parties in 1930 in Summit County, Ohio, and custody of the child of the parties was awarded to the mother. Defendant was ordered to pay $5.00 per week until the child reached the age of eighteen years or until further order of the court, and the defendant was granted certain visitation rights. The child was never in the physical custody of the mother, but the mother placed the child with the grandmother in another county. In 1935 the parties agreed if defendant would waive his right to visit the child in Akron, Ohio, plaintiff would waive her right to past and future support. The court held that as between the parties such agreement would not be disturbed and the court in so ruling cites at length in its opinion the facts as to custody and expenditures for the care and support of the child.

Also see **McPherson v. McPherson, 153 Oh St 82.**

The evidence discloses that on July 1, 1951, defendant was in arrears to the amount of $396.00; and that plaintiff and her present husband had not adopted plaintiff's minor child.

Plaintiff contends that the case of **Bidinger v. Bidinger, 89 Oh Ap 274,** is distinguished from the facts of the case we review. In that case the syllabus reads:—

"An agreement between a father and a mother (formerly husband and wife) of a minor child, whereby the father, for a valuable consideration is released from his obligation under the decree of divorce to support such child, is valid as between the parties, and the mother cannot, while such agreement is in effect, recover from the father the unpaid installments of such support award."

Plaintiff argues the child was always in the physical care and custody of the mother, and that there is no question as to whose funds were expended for the care and support of the child, and that the case of **Bidinger v. Bidinger, 89 Oh Ap 274,** is not applicable.

Plaintiff contends there is no agreement between the parties.

We hold that defendant's agreement to make up back payments was no new consideration for an agreement, since he was bound by law to make up such back payments. We further hold that his agreement to consent to the adoption was no consideration for the contract, since the agreement to consent was not taken advantage of, and no adoption occurred. Defendant gave up nothing, therefore there could be no agreement. Furthermore, under the evidence the defendant did not even comply with the alleged contract by the payment of delinquent installments due up to July 1, 1951, and his failure in this respect forfeits any rights that he may have under the alleged contract since he breached the same himself.

Under the evidence submitted to us, and the law binding us, the judgment of the Court of Common Pleas, Division of Domestic Relations, is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.