In re Adoption of Lynch: Lynch et al., Appellants, *v.* Armbruster, Appellee.

[Cite as Lynch v. Armbruster, 7 Ohio App. 2d 1.]

(No. 346—Decided June 22, 1966.)

*Messrs, Palmquist & Courtney,* for appellants.
*Mr. Jack M. Kinney,* for appellee.

BRENNEMAN, J. Clarence G. Lynch and Irene D. Lynch (hereinafter designated appellants), maternal grandparents of Dale Allen Nyomo (born December 10, 1957), filed in the Probate Court of Medina County a petition for the adoption of their grandson. In the petition they alleged that Mary Lee Armbruster (hereinafter designated appellee), the blood mother, and Richard Jack Nyomo, the adoptive father, of such child, have "wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of this petition."

The appellee mother was properly served with a notice of hearing. She opposed the adoption and appeared in court with counsel on the date of hearing. The adoptive father filed an answer and consent to the adoption and waived notice of hearing.

At the time of hearing, and before any evidence was presented to the trial court, counsel for the appellee mother moved the court for a dismissal of the petition on the ground that the trial court, in another case involving this same child, had, on June 29, 1962, made the child a temporary ward of the Juvenile Court and awarded temporary custody to the appellants. It was claimed that, inasmuch as the child was a temporary ward of the Juvenile Court, the appellee mother could not be guilty of willful failure to support him for more than two years immediately preceding the filing of the petition for adoption. The trial court took judicial notice of its prior order making such child a temporary ward of the Juvenile Court and, without benefit of other evidence, sustained the motion for dismissal on the ground that the appellee mother had no duty to support the child during the time he was a ward of the court or, at least, she could not be guilty of willful failure to support the child during such period.

Upon this meager record, an appeal has been lodged in this court.

Three errors are assigned, and decisive of all three is the determination of a single question: Can there be a willful failure on the part of a parent to support her child while such child is a *temporary* ward of the Juvenile Court? The duty of a parent to support her child is established by statute, and, further, such duty is recognized in Ohio as a common-law duty.

Section 3113.01, Revised Code, provides:

"No parent or other person charged with the maintenance of a legitimate * * * child under eighteen years of age * * * shall fail to provide such child * * * with the necessary or proper home, care, food, and clothing."

(See, also, Section 3113.03, Revised Code.)

The words "charged with the maintenance," as used in Section 3113.01, Revised Code, are words of limitation upon the duty thus imposed.

The trial court took judicial notice of its order placing such child in the *temporary* custody of the appellants. An examination of the order discloses it is custodial in its essence and silent insofar as directing anyone to pay, or excusing anyone from paying, for the support and maintenance of the child while a ward of the court, either to the court or to the persons granted custody. Since the order lacks words limiting or excusing the charge of maintenance upon the appellee mother, this court is compelled to conclude that the statutory duty imposed upon her continued.

The appellants alleged in their petition that the appellee mother has "wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of * * * [the] petition." Such allegation, if proved, would make the consent of the appellee mother unnecessary under the provisions of Section 3107.06 (B) (4), Revised Code. When the trial court dismissed the petition without hearing any evidence, the petitioners (appellants here) were denied the opportunity of presenting proof of the appellee mother's failure to support. For the reason stated, we are of the opinion that the trial court erred in dismissing the petition for adoption.

The judgment of the trial court must be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.