TRESSLER, APPELLANT, *v.* TRESSLER, APPELLEE.

(No. 4-72-4—Decided October 18, 1972.)

Mr. *John P. Goldenetz,* for appellant.
Messrs. *Weaner, Hutchinson & Zimmerman,* for appellee.

GUERNSEY, J. This is an appeal from a judgment of the Court of Common Pleas of Defiance County overruling plaintiff's motion for a lump sum judgment for installments of child support fixed by divorce decree alleged to have been due and unpaid. As no transcript of proceedings was filed we are confined in our review to the facts appearing in the transcript of docket and journal entries, in particular the journal entry overruling motion where the court found:

80

"* * * that, in October of 1970, there existed an oral agreement between plaintiff and defendant that the $30.00 weekly support payments would cease for the three minor children of the parties upon defendant giving consent for their adoption to the then plaintiff's husband, Warren Spencer. Defendant gave such consent in writing and no further support payments were made and none requested. The Court finds the adoption has not taken place and is not now pending. The Court further finds that a divorce between the plaintiff and Warren Spencer occurred January 7, 1972 whereupon the defendant upon request resumed support payments. The Court further finds that defendant did not, pursuant to the agreement of the parties, pay the $30.00 weekly support payments between July 8, 1970 and December 3, 1971, as ordered in the divorce decree."

The plaintiff, appellant herein, assigns error of the trial court in denying her motion for a lump sum judgment.

It does not appear from the foregoing facts that the subject children were deprived of actual support for the period from July 8, 1970, to December 3, 1971, and it may be inferred that they were supported during this period by their mother or stepfather, or both. It not appearing that the motion for lump sum judgment is for and on behalf of the children we conclude that the recovery sought is personal to the mother and involves only her rights as against the natural father. See *Smith* v. *Smith,* 7 Ohio App. 2d 1, and *Bidinger* v. *Bidinger,* 89 Ohio App. 274.

It is established law in Ohio that as between a husband and wife, an agreement between them, for a valuable consideration, made subsequent to and different from the order of the court will be binding upon the wife in an action by her to recover unpaid installments of the court's child support award. *Schnierle* v. *Schnierle,* 33 Ohio Law Abs. 212; *Bidinger* v. *Bidinger, supra*; *McCabe* v. *McCabe,* 83 Ohio Law Abs. 19; *Blumberg* v. *Saylor,* 100 Ohio App. 479; and *Beiter* v. *Beiter,* 24 Ohio App. 2d 149.

The appellant claims, however, that on the basis of

*McCabe* v. *McCabe, supra,* the agreement here lacked consideration as no adoption occurred and was therefore unenforcible.

In our opinion the *McCabe* case is distinguishable on at least two grounds. In that case the husband orally promised to consent to an adoption but the facts of the case do not show that he ever did so, and he made an additional promise to pay back alimony and the facts show that he did not do so. He thus breached his agreement in at least two aspects and was not entitled to have it enforced to prevent a lump sum judgment in favor of his former wife.

In the instant case, the execution and delivery of the written consent was not only performance but constituted valuable consideration for the plaintiff's promise to forego the weekly support payments. It was not the defendant's fault that the adoption never took place. It does not here appear how far the adoption proceedings went but the consent given by plaintiff would have been irrevocable at any time after the entry of an interlocutory order. R. C. 3107.06.

We conclude that the contract was binding on both parties and that the plaintiff mother was not entitled to recover a lump sum judgment for herself for child support payments which would otherwise have been due and payable during the period in question.

*Judgment affirmed.*

YOUNGER, P. J., and COLE, J., concur.