### Lawhorn v. Lawhorn
*[Cite as 7 AOA 60]*

*Case No. 11914*
*Montgomery County, (2nd)*
*Decided September 7, 1990*

*Thomas M. Baggott, 120 W. Second Street, Dayton, Ohio 45402, for Plaintiff-Appellee.*

*Thomas H. Liles, 818 Shroyer Road, Dayton, Ohio 45419 for Defendant-Appellant.*

BROGAN, J.

Appellant, Nelson Lawhorn, appeals from the judgment of the Common Pleas Court (Domestic Relations Division) finding that there existed a child support arrearage of $13,980.12 as of August 14, 1989. Appellant has appealed to this court and raised two assignments of error.

Appellee, Diane Lawhorn and Nelson Lawhorn were divorced on February 26, 1979. Mrs. Lawhorn was granted custody of the parties' two minor children, Glenda (born August 23, 1968) and Wayne (born March 16, 1971), and appellant was ordered to pay weekly child support to Mrs. Lawhorn. At the time the youngest child reached the age of eighteen, the appellant was notified that an arrearage of $17,219.98 existed in the support account. Appellant's former employer was ordered to retain funds of $6,030.78 in severance pay due the appellant pending a mistake of fact hearing to determine the accuracy of appellant's Support Enforcement Agency (SEA) records.

The Referee's report reflects that the appellant testified that he executed "two consents" for the adoption of his minor children on June 15, 1981 at the request of his former spouse so that Mrs. Lawhorn's new husband John Olt could obtain a step parent adoption of the Lawhorn children. The referee found that in exchange for appellant executing the necessary consents for the step parent adoption, appellee agreed she would forgive any child support then due and owing as well as future child support for their children.

The Referee found that the appellant then moved to Florida believing the adoptions would take place, but he later learned Mr. Olt had a change of heart about adopting appellant's children and this was communicated to appellant's counsel in late July, 1981. The Referee notes that the appellant had no communication with his

children and no request from his former spouse for child support until 1988 when his employer was informed to withhold appellant's earnings for the child support.

The referee rejected appellant's contention that he was relieved of his obligation to pay child support by virtue of his oral agreement to permit the adoption of his children. The referee also rejected appellant's argument that appellee should be equitably estopped from now collecting the delinquent child support because the agreement was procured at the instance of the appellee or that the defense of laches should prevent recovery of the child support.

In his first assignment, appellant contends the trial court erred in granting a lump sum judgment for an arrearage without regard to the parties' 1981 "agreement." In his second assignment he argues the trial court erred in approving the referee's report when the appellant had established an equitable defense of laches.

In *Tressler v. Tressler* (1972), 32 Ohio App. 2d 79, the Defiance County Court of Appeals held that an agreement between a father and a mother (formerly husband and wife) of minor children, whereby the father, in consideration of his executing and delivering to the wife a written consent to the adoption of the children is valid as between the parties, even though the adoption never takes place and the mother is subsequently divorced from the stepfather, and the mother cannot recover from the father for her lump sum judgment for the installments of such child support award which otherwise would have been payable. Judge Guernsey explained the rationale of the court at page 80 of the court's opinion:

"*** that, in October of 1970, there existed an oral agreement between plaintiff and defendant that the $30.00 weekly support payments would cease for the three minor children of the parties upon defendant giving consent for their adoption to the then plaintiff's husband, Warren Spencer. Defendant gave such consent in writing and no further support payments were made and none requested. The Court finds the adoption has not taken place and is not now pending. The Court further finds that a divorce between the plaintiff and Warren Spencer occurred January 7, 1972 whereupon the defendant upon request resumed support payments. The Court further finds that defendant did not, pursuant to the agreement of the parties, pay the $30.00 weekly support payments between July 8, 1970 and December 3, 1971, as ordered in the divorce decree.

"The plaintiff, appellant herein, assigns error of the trial court in denying her motion for a lump sum judgment.

"It does not appear from the foregoing facts that the subject children were deprived of actual support for the period from July 8, 1970, to December 3, 1971, and it may be inferred that they were supported during this period by their mother or stepfather, or both. *It not appearing that the motion for lump sum judgment is for and on behalf of the children we conclude that the recovery sought is personal to the mother and involves only her rights as against the natural father. See Smith v. Smith, 7 Ohio App. 2d 1 and Bidinger v. Biding-er. 89 Ohio App. 274.*

"It is established law in Ohio that as between a husband and wife an agreement between them, for a valuable consideration, made subsequent to and different from the order of the court will be binding upon the wife in an action by her to recover unpaid installments of the court's child support award. *Schnierle v. Schnierle*, 33 Ohio Law Abs. 212; *Bidinger v. Bidinger, supra*; *McCabe v. McCabe*, 83 Ohio Law Abs. 19; *Blumberg v. Saylor*, 100 Ohio App. 479; and *Beiter v. Beiter*, 24 Ohio App. 2d 149."

The referee relied upon *Alves v. Schaller* (April 1, 1983), CA-L-82-362, Lucas App., unreported. In that case the parties were divorced in 1978 and the appellant was awarded custody of one of the parties' children and the appellee was ordered to pay child support. The trial court found that in May 1982, the parties had negotiated an agreement whereby the appellant gave up her right to child support in exchange for appellee's execution and delivery of a consent to adoption. Appellee ceased paying support but the adoption never took place. In September 1982 appellant filed a motion to reinstate the support and for a lump sum judgment for child support arrearages.

The trial court found that an enforceable agreement existed between the parties and relying on *Tressler v. Tressler* held that child support was suspended between May 1, 1982 and September when the motion to reinstate support was filed, thus denying appellant's motion for a lump sum judgment. The Court of Appeals reversed the judgment of the trial court on the basis a minor child is a third party beneficiary to a child support order and the parties may not modify child support to the detriment of the child. Citing, *Rhoades v. Rhoades* (1974), 40 Ohio App. 2d 559. The court held the agreement was

enforceable only until it was clear the adoption would not take place, i.e. June 21, 1982.

In *Rhoades v. Rhoades, supra,* the Hamilton County Court of Appeals held that minor children are third party beneficiaries of provisions in a divorce decree granting support payments for their benefit, and such benefits may not be modified by the parties to the *detriment of the minors.* In a per curiam opinion the court noted:

"We believe that *Tressler, supra,* pronounces accurately the law in Ohio bearing upon the subject with which we are concerned here. Consequently, we have searched the record to determine whether there is evidence sufficient to have required the referee and the court below to find that an agreement had been made between the parties. Especially, we have searched for evidence to establish that there was consideration for any such agreement.

"If, in the case at bar, the defendant gave up nothing, there could be no agreement. See *McCabe v. McCabe,* 83 Ohio Law Abs. 19.

"It is elementary that neither the promise to do a thing, nor the actual doing of it will constitute a sufficient consideration to support a contract if it is merely a thing which the party is already bound to do, either by law or a subsisting contract with the other party. 11 Ohio Jurisprudence 2d 320, Contracts, Section 82.

"All that we can perceive defendant here promised to do, and for all material purposes did, was to pay a sum less than that which he was already obligated to pay to plaintiff. Hence, there was no consideration sufficient to support the purported agreement even if plaintiff's testimony that she did not recall agreeing to defendant's proposal is brushed aside.

"Upon this state of the record, viewed in light of the law as we comprehend it to be, we can find no error committed below in rendering the lump sum judgment and, therefore, the first assignment is not well taken."

The age of the children in the *Alves v. Schaller* case is not clear, but we must assume they were still minors as the appellee sought to "reinstate support" as well as seeking a lump sum judgment. Presumably in that case a lump sum judgment would inure to the benefit of the minor children during their minority, and was not brought solely for the benefit of the spouse. Since the parties' children were over the age of eighteen or emancipated at the time, the appellee sought her lump sum judgment, the judgment would solely inure to her benefit.

We find the reasoning of *Tressler v. Tressler* to be persuasive and the first assignment is sustained.

The appellant's second assignment is overruled because the appellant failed to demonstrate he was materially prejudiced by the appellee's delay in pursuing a lump sum judgment. *See, Smith v. Smith* (1959), 168 Ohio St. 447.

The judgment of the trial court will be reversed.

FAIN, J., and GRADY, J., concur.