ECKLIFF, Appellant,

v.

WALTERS, Appellee.

[Cite as *Eckliff v. Walters,* 168 Ohio App.3d 727, 2006-Ohio-4817.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2005–L–082.

Decided Sept. 15, 2006.

728

---

McNamara, Hanrahan, Callender & Loxterman and Patrick R. Hanrahan, for appellant.

Karen D. Lawson Co., L.P.A., and Karen D. Lawson, for appellee.

DONALD R. FORD, Presiding Judge.

{¶ 1} This appeal originated from the Lake County Court of Common Pleas, Juvenile Division. Appellant, Jamie L. Eckliff, the biological mother, appeals from an April 29, 2005 judgment entry in which the trial court adopted the magistrate's decision and ordered that appellee, Timothy J. Walters, the biological father, did not owe any child support arrearages.

{¶ 2} On September 8, 2003, Lake County Department of Jobs and Family Services ("LCDJFS") filed a complaint for child support against appellee for the parties' minor child, Alexis, who was born in 1996.[1] On October 7, 1997, appellee was ordered to pay $232.20 per month, plus processing fees, in child support for the child.

{¶ 3} On June 5, 2003, appellant's husband adopted the minor child, with appellee's written consent. At the time of the adoption, appellee owed $14,861.02 in back child support.

{¶ 4} On September 8, 2003, LCDJFS filed a complaint for child support and reimbursement against appellee for support of the minor child up to the date the adoption was finalized.

{¶ 5} The trial court held a hearing on the matter on September 2, 2004, before a magistrate. The parties stipulated that the amount of arrearages appellant owed was $14,861.02. The magistrate issued her decision on September 22, 2004, which the trial court adopted on April 29, 2005. It is from this judgment that appellant appeals, raising the following three assignments of error:

{¶ 6} "[1] The trial court committed an abuse of discretion and erred to the prejudice of appellant by prohibiting * * * testimony from appellee as to whether or not he understood whether the past due child support could be waived.

{¶ 7} "[2] The trial court committed an abuse of discretion and erred to the prejudice of [appellant] by finding that an alleged oral contract existed whereby appellant waived all child support arrearage in exchange for appellee signing the consent to adoption.

{¶ 8} "[3] The trial court committed an abuse of discretion and erred to the prejudice of appellant by allowing a past due support amount of $14,861.02 to be reduced to zero when the evidence was clear that [appellee] had failed to visit with the minor child or pay support for the minor child for over one year prior to an adoption proceeding regarding the minor child being filed in Lake County Probate Court."

---

1. LCDJFS is not a party to this appeal.

{¶ 9} In her first assignment of error, appellant argues that the trial court erred when it sustained appellee's objections with regard to whether he believed that back support could legally be waived. We disagree.

{¶ 10} A trial court's admission of evidence is reviewed for abuse of discretion. *In re Anthony,* 11th Dist. No. 2002–A–0096, 2003-Ohio-5712, 2003 WL 22429035, at ¶ 25. An abuse of discretion is more than an error of law or judgment, but rather a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. In determining whether the trial court abused its discretion, we may not merely substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 11} At the hearing, appellee was asked on cross-examination, "[I]s it your testimony that my client actually told you that if you sign this form, that she would waive any future or past support?" He responded that it was. However, when asked if those were her exact words, he said, "While we were discussing this, I asked her if I would pay any future or past support and her answer was no." Appellant's attorney then stated, "And so she is kind of giving you legal advice; isn't she?" At that point, appellee's attorney objected, and the trial court sustained the objection. Appellant's attorney then inquired, "And did you ever ask an attorney for an attorney's advice on that issue?" Again, appellee's attorney objected, and the trial court sustained it. Finally, appellee was asked if he "ever talk[ed] to anybody about whether or not that was an accurate statement, that you could waive your past support?" Appellee's attorney objected once more, and the trial court sustained the objection for the third time.

{¶ 12} Appellant claims that when appellee said, "I asked her if I would pay any future or past support," he revealed that he did not know whether the agreement was legal. We disagree. Appellee's response could be interpreted to mean that when she asked him to sign the consent, and he responded by asking her if he would still have to pay future and past support, he was asking her if she would agree to that, not whether it was legal.

{¶ 13} Moreover, we agree with appellee's contention that "[a]n agreement between biological parents to exchange a consent to adoption for forgiveness of arrearages in current child support is an enforceable agreement," citing *Tressler v. Tressler* (1972), 32 Ohio App.2d 79, 61 O.O.2d 85, 288 N.E.2d 339, in support of this proposition.[2]

---

2. "Parents' rights to waive child support obligations concerning their minor children are limited. This is particularly true when one parent is receiving public [assistance benefits] to support the child when the other parent is not making court-ordered child support payments. *McDonnold v. McDonnold* (1994), 98 Ohio App.3d 822, 649 N.E.2d 1236. In these circum-

{¶ 14} In *Nelson v. Nelson* (1990), 65 Ohio App.3d 800, 804, 585 N.E.2d 502, this court disagreed with the rationale of *Tressler*, stating:

{¶ 15} "While this court is aware that our sister courts permit absolution of the father's 'natural duty of support' by way of agreement and/or the doctrine of laches, we do not fully endorse the rationale expressed there. To the contrary, this court adopts the more traditional philosophy that court-ordered support is for the benefit of the children rather than the custodial parent and, consequently, cannot be waived by the parents." (Citations omitted.)

{¶ 16} Despite disagreeing with the rationale of *Tressler*, we further reasoned:

{¶ 17} "[I]t would be unreasonable in all circumstances to permit the parents, either individually or jointly, to absolve themselves of [their] duty of support by entering into an agreement between themselves to that effect subsequent to a court order. However, the father can 'relieve himself from *liability* to the mother for support of their minor children' by agreement. (Emphasis added.) 47 Ohio Jurisprudence 3d (1983) 75, Family Law, Section 614. This in essence, allows the parents to enter into an agreement which would, at best, have retroactive application for the past support. In other words, the mother can 'forgive' the father for the past arrearages by agreement * * *." Id.

{¶ 18} Thus, we conclude that the trial court did not abuse its discretion when it refused to allow appellant to question appellee regarding whether he believed that a waiver of back support was legal, since it is legal to waive back support. Thus, it was irrelevant as to what his belief was. Therefore, appellant's first assignment of error is without merit.

{¶ 19} In his second assignment of error, appellant maintains that the trial court erred by finding that an oral agreement existed between the parties. After a thorough review of the record, we disagree.

{¶ 20} In *Dinunzio v. Murray*, 11th Dist. No. 2003–L–213, 2005-Ohio-4047, 2005 WL 1861966, at ¶ 31, this court stated:

{¶ 21} "In civil cases, 'judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261], 376 N.E.2d 578, at the syllabus. In reviewing a manifest weight argument, 'the determination of credibility of testimony and evidence must not be encroached

---

stances, the parent with the child is required to assign to the state the right to support from the non-paying parent as of the date the welfare benefit payments commence. * * * The parent with the child cannot forgive child support obligations from the non-paying parent because this right to collect child support has been assigned to the state paying [benefits]." *Mudry v. Mudry* (May 8, 1997), 8th Dist. No. 70847, 1997 WL 232625.

upon by a reviewing tribunal.' *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 81 [10 OBR 408], 461 N.E.2d 1273. Thus, there is a presumption that the findings of fact as determined by the trier of fact are correct. *State ex rel. Pizza v. Strope* (1990), 54 Ohio St.3d 41, 46, 560 N.E.2d 765."

{¶ 22} "It has long been held that if the parties voluntarily enter into [an agreement], * * * the agreement becomes a valid and binding contract between the parties." *Phillips v. Phillips,* 5th Dist. Nos. 2004CA00105 and 2004CA00005, 2005-Ohio-231, 2005 WL 121657, at ¶ 22. It is also well settled that a settlement agreement may be either written or oral and may be entered into prior to a hearing. Id. at ¶ 26. In effect, a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation, and such agreements are valid and enforceable by either party. *Brown v. Dillinger,* 9th Dist. No. 05CA0040–M, 2006-Ohio-1307, at ¶ 10, quoting *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431.

{¶ 23} The necessary elements of a valid contract include " 'an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' " *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.* (N.D.Ohio 1976), 436 F.Supp. 409, 414. It is imperative that there was a "meeting of the minds" as to the essential terms of the agreement. *Kostelnik,* id. Although it is preferable to memorialize a settlement in writing, "an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." Id. at ¶ 15. This is because " 'people must be held to the promises they make.' " Id. at ¶ 17, quoting 1 Corbin on Contracts (Perillo Rev.Ed.1993) 530, Section 4.1.

{¶ 24} Essentially, appellant argues that the testimony establishes that there was never a meeting of the minds between the parties. Appellant contends that "[w]hen cross-examined regarding the exact details about waiving support, * * * appellee could not remember appellant's words exactly, but 'thought that she *probably* * * * was waiving support if he agreed to sign the consent form.' " (Emphasis sic.)

{¶ 25} However, a review of the record shows that appellee testified on direct examination that appellant told him, two days before he signed the consent to adopt, that if he signed it, "there would be no back or future child support involved." On cross-examination, when asked if those were appellant's exact words, he responded, "Probably—okay. While we were discussing this, I asked her if I would pay any future or past support and her answer was no."

{¶ 26} Appellant further maintains that appellee could not even remember his own words regarding the support waiver conversation. At the hearing, appellee admitted on cross-examination that he could not remember the exact words that he used.

{¶ 27} Appellant also argues that when appellee signed the consent form, he did not mention support, and he did not ask for support waiver language to be included in the consent form. We note that this contention is without merit, since oral agreements are enforceable.

{¶ 28} Additionally, appellant contends that in contrast to appellee's testimony regarding the alleged agreement between the parties, appellant's testimony was unequivocal. Appellant testified that she never told appellee that he would not have to pay back support. She said that she told him that he would not have to pay from the date he signed the consent form. Appellant also recalled that she asked appellee after the adoption if he honestly believed that he was not responsible for the back support and that he told her, "No, he [was] definitely responsible for this money." Lastly, she indicated that she actually went to LCDJFS to file for back child support while the adoption was pending, not after the adoption had been completed.

{¶ 29} However, we agree with appellee that the trial court was in the best position to determine each witness's credibility. Appellant testified that there was no oral agreement to waive back support. Appellee testified that there was. The trial court obviously determined that appellee was more believable than appellant and concluded that there was an oral agreement between the parties. Therefore, appellant's second assignment of error is without merit.

{¶ 30} In her third assignment, appellant contends that because appellee had not paid support or visited the child in the previous year immediately preceding the filing of the adoption, his consent to the adoption was not necessary, and thus, there was no consideration to establish a valid agreement. Again, we disagree with appellant's claim.

{¶ 31} Because it is an issue of contract law, appellate courts " 'must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred.' " *Lepole v. Long John Silver's*, 11th Dist. No. 2003–P–0020, 2003-Ohio-7198, 2003 WL 23100327, at ¶ 14, quoting *Continental W.*, 74 Ohio St.3d at 502, 660 N.E.2d 431.

{¶ 32} At the hearing, appellee testified on cross-examination that he paid very little support for the minor child since she was born and none in the year before the adoption was filed in the probate court. He also admitted that he never visited the child within the year before the adoption was filed. Further, appellee

stated that he had never been served with notice of the adoption, and appellant agreed that she received his notice at her house.

{¶ 33} Whether or not a parent's consent is required under R.C. 3107.07, the law still requires that he be served with notice of the hearing and the adoption. R.C. 3107.07(A) provides that "[c]onsent to adoption is not required of * * * [a] parent of a minor, when it is alleged in the adoption petition and the court finds *after proper service of notice and hearing,* that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *." (Emphasis added.) Thus, if appellant was not properly served with notice of the adoption and hearing, the only way the adoption could have gone forward on the day of the hearing was if appellee consented to the adoption.

{¶ 34} Appellant contends that the trial court "found that [a]ppellee's signing of the consent for adoption was necessary for the adoption to proceed, and hence, had to be the consideration of the contract." However, after reviewing the trial court's order, the trial court did not determine that appellee's consent was necessary. In fact, the trial court stated that "[l]ittle evidence was offered to the [m]agistrate on this issue and certainly not enough for him to make a final decision." With respect to this issue, the trial court went on to state that "if service had not been perfected, then certainly father did have sufficient basis to constitute valuable consideration for a contract, for it is without doubt that without service, the [c]ourt could not proceed on the date scheduled."

{¶ 35} However, the trial then explained that "there are different issues if one assumes that service upon father had been perfected." Because even if he had been served, it may be possible that he had "justifiable cause" pursuant to R.C. 3107.07, either for not paying support or not visiting the child. If so, waiving that defense would have been sufficient consideration to form a legally binding contract. The trial court noted that "[t]he [m]agistrate was presented with no evidence that father did not have 'justifiable cause' for his failure to pay, and the [c]ourt cannot presume that to be the case, and that [d]efendant does not have a viable defense. Certainly, if he did have what he believed to be a viable defense or 'justifiable cause,' then his surrender or waiver of such defense would constitute sufficient consideration for the alleged agreement." The trial court then concluded that appellant's argument that appellee's consent was without consideration had no merit.

{¶ 36} We agree with the trial court's analysis of the law. Whether or not appellant was served, his consent to the adoption was sufficient consideration as a matter of law, since by consenting, he waived his right to raise any "justifiable causes" as to why he did not pay support or visit the minor child in the year

preceding the filing of the adoption. Therefore, we cannot say that the trial court erred or misconstrued the law.

{¶ 37} Therefore, appellant's third assignment of error is also without merit.

{¶ 38} Accordingly, appellant's three assignments of error lack merit. The judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

GRENDELL and O'TOOLE, JJ., concur.