GREEN, APPELLEE, v. GREEN, APPELLANT.

(No. 26407—Decided June 13, 1963.)

*Mr. Gordon B. Loux*, for appellee.
*Messrs. Blum & Blum*, for appellant.

SKEEL, C. J. This appeal comes to this court on questions of law from a judgment entered by the Court of Common Pleas of Cuyahoga County finding the defendant guilty on plaintiff's motion to show cause for nonpayment of an order of maintenance and support of his minor children, which order was made in a decree of divorce entered April 28, 1953. Since the date of

this decree, motions to show cause for nonpayment of support have been filed and disposed of, the one next prior to that now before the court being terminated by agreement on November 28, 1956, when it was agreed that the delinquency of the defendant for support was three hundred and seventy dollars and an order for payment to reduce the default was set out in the journal by the court in that proceeding.

Thereafter, the defendant, on May 22, 1957, filed a motion to show cause, charging that the plaintiff refused to permit visitations of the minor children by the defendant as provided by the original decree and seeking in the alternative an order compelling compliance or a suspension of the obligation of support until visitations as ordered are afforded the defendant. This motion, while given some consideration by the Department of Domestic Relations, has never been acted upon by the court.

The final order entered on the motion to show cause here on appeal, which motion was filed August 17, 1962, was heard, in part, on October 20, 1962, when the court found that the defendant was "in arrears" of the order to pay support for his minor children in the sum of $8,100, the default being figured to September 21, 1962, for which amount judgment was entered as of that date without a hearing before the court as demanded, the judgment being entered on the order of a referee. This order was reversed on appeal to this court and the cause remanded for further proceedings according to law.

On November 5, 1962, after the judgment was entered finding defendant in default in payment of the court's support order, a citation was issued and an affidavit filed showing noncompliance with the order of October 20, 1962, by the defendant. On January 21, 1963, a second hearing was had (prior to the mandate of reversal of this court of the order entering judgment for $8,100) on plaintiff's motion, filed August 17, 1962, the defendant then being found guilty of contempt and judgment entered directing him to pay a fine of $500 and to serve a jail term of ten days. It is this judgment which is now before this court on appeal.

The claim of the defendant is that his rights were prejudiced because the court refused to grant his request for a hearing on his motion to show cause, filed May 22, 1957, by which he claimed that the plaintiff, either by agreement which

waived the right to payments under the support order of April 28, 1953, if the defendant would forego his rights to visit his minor children, or that because of the plaintiff's refusal to permit such visitations, his obligation to pay support should not be enforced at the instance of the plaintiff while she is in default of the provisions of the divorce decree providing for the right of the defendant to such visitations which it is charged she actively prevented. (There is no suggestion that the plaintiff is unable to provide proper support.) Certainly if either of the defendant's claims on his motion to show cause (upon trial) can be supported by credible evidence, a judgment in favor of the plaintiff on her motion filed five years after the defendant's motion seeking release from the obligation of paying support to the plaintiff remains undisposed of would be improper.

For the reason, therefore, that the defendant is entitled to a judicial disposition of his claims of being released from the obligation of paying support for his minor children to the plaintiff before he can be compelled to stand trial on a claim of contempt for not making such payments, the judgment entered, finding the defendant guilty of the order of January 21, 1963, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

SILBERT and ARTL, JJ., concur.