HAWTHORNE, APPELLEE, *v.* HAWTHORNE, APPELLANT.

[Cite as Hawthorne v. Hawthorne (1970),
24 Ohio App. 2d 141.]

(No. 376—Decided November 12, 1970.)

*Messrs. Pomerene, Burns, Milligan & Frase,* for appellee.

*Messrs. Gottlieb, Johnston & Beam,* for appellant.

PUTMAN, J. This appeal on questions of law is taken from a judgment of the Common Pleas Court of Coshocton County entering a money judgment as and for delinquent and unpaid installments alleged to be due under a support order contained in a divorce judgment entry.

Because of the nature of the controversy, it is important to set forth in some detail certain portions of the document which the court filed with the clerk for journalization as its judgment entry in this case and also certain portions of the separation agreement which were expressly approved by such entry and incorporated therein by reference.

"Journal Entry. The court further finds that plaintiff is entitled to the divorce as prayed for upon the grounds of gross neglect of duty and extreme cruelty, custody of the minor children and support; separation agreement entered into by and between the parties is hereby approved and the terms are hereby incorporated in this Entry.

"Wherefore, it is ordered, adjudged and decreed that plaintiff, Martha N. Hawthorne, be granted an absolute divorce from defendant, Ellis W. Hawthorne; that plaintiff be granted custody of the minor children of the parties, and that Ellis W. Hawthorne pay for the support of the minor children, the sum of seventy-five and no/100 ($75.00) dollars, per week, plus poundage, to the clerk of this court; first payment to be made on or before August 6, 1966, and on or before each Saturday thereafter; custody and support payments being, until further order of this court; the court approves the separation agreement entered into by and between the parties. Plaintiff to pay the costs herein."

"Separation Agreement. Now Therefore, the parties in consideration of the promises and each acting in consideration of the promises and agreements of the other herein set forth, have agreed as follows:

"(1) Second party shall have the care, custody and control of said minor children, subject to the rights of reasonable visitation of the first party.

"(2) First party will pay to second party for her support and for the support of their three (3) minor children, the sum of three hundred dollars ($300.00) per month; Provided, however, that as each child respectively shall

either become self-supporting while still living at the home of the second party, become emancipated by marriage or be attending some institution of higher learning and not living in the home of the second party during any month, and upon the remarriage of the second party, said monthly payments shall respectively be reduced by a sum equal to twenty-five percent (25%) thereof.

"(3) In addition to the above-monthly support, first party will pay to second party, upon presentation of a paid receipted statement, any and all hospital, doctor, dental or optometry expenses incurred on behalf of said children.

"(4) First party agrees to assume full responsibility for the payment of all expenses of each child in securing a college education, or such further education and training in a field not requiring a complete college education, provided such child desires the same."

The appellant's statement of the case is not disputed by the appellee, and, finding it to be supported by the record, we consider it to be helpful to set it forth in full:

"On or about March 28, 1966, the plaintiff appellee and the defendant appellant at that time husband and wife entered into a written separation agreement which is a part of the original papers of this case. This agreement was negotiated by both parties and their respective attorneys, and, among other things, provided in paragraph 2 of the agreement for the support of the plaintiff appellee and the three minor children of the parties. Such paragraph provided that the defendant appellant was to pay to the plaintiff appellee the sum of $300.00 per month for the support of the plaintiff appellee and the three minor children provided that as each child should become self-supporting while living at the home of the plaintiff appellee, become emancipated by marriage, or be attending some institute of higher learning and not living in the home of the plaintiff appellee during any month, or upon the remarriage of the plaintiff appellee the monthly payments would be reduced by a sum equal to 25% of the original total payment. In addition, paragraph 4 of the

agreement provided that the defendant appellant was to pay college expenses of the minor children and paragraph 3 provided for the payment of medical, dental, doctor, hospital and optometry expenses of the children. Thereafter, the plaintiff appellee proceeded to obtain in the Common Pleas Court of Coshocton County, in Case No. 16910 an uncontested divorce, the final entry of which was entered in the court on November 4, 1966. In that entry, the court found and ordered that the separation agreement entered into by and between the parties was thereby approved and the terms were thereby incorporated in the entry. In addition, the court stated in its entry that the court approved the separation agreement entered into by and between the parties. The court also in its entry stated that the defendant appellant should pay for the support of the minor children the sum of $75.00 per week plus poundage to the Clerk of the Common Pleas Court of Coshocton. This entry was prepared and approved solely by the attorney for the plaintiff appellee and was not submitted to counsel for defendant appellant for approval.

"Thereafter, the plaintiff appellee on January 5, 1970, approximately three years after divorce, filed a motion in the Common Pleas Court of Coshocton County for an order reducing to a lump sum judgment the arrearage owed under the court's order of November 4, 1966. Said motion came on for hearing before the Common Pleas Court of Coshocton County and plaintiff and defendant appeared at said hearing represented by counsel. At the hearing the defendant appellant offered evidence in the form of personal checks written by the defendant appellant to the plaintiff appellee and endorsed by her. Defendant appellant sought to testify that these checks were paid under the terms of the separation agreement approved by the court. These checks amounted to a total amount paid directly to the plaintiff appellee of $7,563.50. In addition, defendant appellant offered checks paid for various educational expenses of the minor children of the parties in the total amount of $1,352.82. Such checks were not admitted into evidence by the court and are a part of the bill of exceptions in this case. Defendant appellant fur-

ther testified to the employment of the minor son, John, while living at plaintiff appellee's home during the summer of 1966, when the son earned $1,332.72; that John entered Ohio State in the fall of 1966, where he went to school for one quarter until the latter part of January of 1967; that he thereafter moved to Florida away from the home of the plaintiff appellee; that he thereafter returned to the home of the plaintiff appellee and undertook employment during the year of 1967 until he went to the Armed Services in July of 1967, having had earnings during the time he was living in plaintiff appellee's home of $975.80 in 1967. The defendant appellant further offered evidence that the minor child, Diane, graduated from high school in June of 1967 and in September of 1967, went to a school in Minnesota at which time the defendant appellant paid the tuition expenses for her. The evidence indicated that Diane then returned to the plaintiff appellee's home in October of 1967 due to having been involved in an automobile accident, and stayed at home with her mother until December of 1967 when she obtained employment in Columbus, Ohio; that Diane thereafter, went back to the school in Minnesota where she stayed for a period of only five or six days, after which she returned to live with her mother again and obtained employment in February of 1968, at a local plant in the Coschocton area, where she continued to work there until early in 1969 when Diane returned to school in Columbus, where she remained to the date of the hearing. Defendant appellant further offered evidence that the minor child Donna, at the time of the hearing was 18 years old and had graduated from high school in June of 1969, and went to work at National Cash Register plant in Cambridge around Christmas of 1969 and has worked there full time since that time to the date of the hearing. Although the court had approved the separation agreement of the parties and incorporated it into his decree, the court refused to consider any emancipation or any abatement of the child support payments as provided in the agreement in regard to the employment or attending school provisions in the agreement. The court refused to consider defendant ap-

pellant's records and computations of amounts due and paid as set forth in defendant's Exhibit E. The court further refused to allow any credit upon the seventy-five dollars per week order for the checks paid to the plaintiff appellee by the defendant appellant, and awarded judgment in favor of the plaintiff appellee against the defendant appellant in the amount of $10,000.00 plus interest thereon for a total judgment in the amount of $11,146.50. Said judgment was filed by entry on February 27, 1970, and thereafter on February 27, 1970, the defendant appellant filed his notice of appeal on questions of law from said judgment and final order of the court.''

Before we consider the assignments of error separately, we set forth what we believe to be the controlling rule which operates to decide this case.

Where an express provision for support for minor children in a divorce judgment entry is inconsistent with a provision of a separation agreement which is expressly both approved and incorporated by reference into the same entry, the provisions of that portion of the entry which is the approved and incorporated agreement between the parties will control and the inconsistent express provision of the entry is inoperative in the absence of language in the entry effectively demonstrating that the court was aware of the two inconsistent provisions respecting the same subject matter and expressly ordering the obligated party to comply with both.

The reason for this is that where the court actually approves the agreement, the court's approval extends to the limitation upon the liability for support.

A court cannot in logic be said to be intending to approve a maximum amount and also by the same document to be ordering an additional amount exceeding in its separate self the whole of the first amount separately ordered.

If the court truly approves the agreement of the parties there can be no additional order respecting a subject agreed upon because the agreement of the one party to pay a certain amount periodically includes the agreement of the other party to receive it as full payment.

We recognize the court may disapprove the agree-

ment or may approve it subject to the exception of an additional order. However, the court did neither. The court simply signed an order with two separate inconsistent provisions respecting the same subject under circumstances which indicate it was done by inadvertence.

The defendant assigns four errors. They are:

"1. The trial court erred in not admitting as evidence in this case the checks, paid by the defendant appellant to the plaintiff appellee, and in not permitting defendant appellant to testify such checks were paid under the court's order.

"2. That the court erred in granting judgment to the plaintiff appellee against the defendant contrary to the provisions of a written agreement entered into by and between the parties.

"3. That the court erred in granting judgment to the plaintiff appellee for the support payments when plaintiff appellee should have been barred from asserting the same by her own laches.

"4. That the judgment of the court awarding judgment to the plaintiff in the amount of $10,000.00 plus interest is contrary to law and against the manifest weight of the evidence offered at the hearing thereof and that the court erred in matters apparent from the face of the record."

We hold the first two assignments of error to be well taken and remand this cause to the lower court for further proceedings according to law.

Because we hold the express provision of the judgment for payment of seventy-five dollars per week to the clerk of courts to be inoperative for the reasons given, it is not necessary for us to consider whether payments under that express paragraph of the order are barred by laches or estoppel. It follows that assignment of error No. 4 insofar as it relates to interest is well taken and because the appealed judgment is vacated it is not necessary for us to pass upon the weight of the evidence, for we have no means of being certain what evidence might be adduced upon a rehearing.

Although we hold the defendant is entitled to rely

upon laches or estoppel if he is able to show either, we are unable to determine from this record in this case whether or not he is entitled as a matter of law to a full final judgment against all the plaintiff's claims for arrearages.

We reverse and remand for further proceedings according to law not inconsistent with this opinion.

In that connection, the defendant is entitled to prove, and receive credit for, payment, changed circumstances, subsequent agreements or any other legally available defenses including but not limited to waiver, laches or estoppel.

To avoid future confusion, we point out that the separation agreement itself, which became part of the order, contains certain provisos calling for abatement of the liability.

It was prejudicial error for the trial court to exclude evidence tending to show the existence of those matters which his own entry approved, adopted and incorporated by reference.

It was prejudicial error for the trial court to exclude evidence of payment.

It was prejudicial error to exclude evidence of waiver, estoppel and/or laches.

The judgment is reversed and the cause is remanded.

*Judgment reversed.*

RUTHERFORD, P. J., and McLAUGHLIN (Retired. Assigned to active duty under authority of Section 6 (C), Article IV, Constitution.), JJ., concur.