BEITER, APPELLEE, v. BEITER, APPELLANT.

[Cite as Beiter v. Beiter (1970), 24 Ohio App. 2d 149.]

(No. 375—Decided November 12, 1970.)

*Messrs. Berry & Blanchard,* for appellee.
*Messrs. Pomerene, Burns, Milligan & Frase* and *Mr. Eugene R. Weir,* for appellant.

*Per Curiam.* The judgment appealed from is for a lump sum amount purportedly for unpaid and delinquent payments under an April 26, 1951 divorce decree which stated: "[It is ordered that] * * * defendant pay to the clerk of this court the sum of twenty five and no/100 ($25.-00) dollars per week by way of support, maintenance and alimony for the benefit of the plaintiff and the said minor children. Said payment is to continue until further order of the court and the court reserves the right to modify or change the amount of said weekly payments either with or without a hearing thereon."

It was stipulated that there were two children and that they were emancipated March 15, 1958 and August 6, 1961 respectively.

The motion for the lump sum judgment was not filed until December 10, 1969, a full eight and one-half years after the last child to be supported was emancipated.

The trial court committed prejudicial error in refusing to permit the defendant to introduce any evidence that, in fact, the installments had been paid directly to the plain-

tiff-wife or otherwise extinguished by agreement between the parties or other changed circumstances.

The court took the view, without any supporting evidence, that any payments to the ex-wife, if any, other than those made through the clerk of courts were in law if not in fact gratuities above and beyond the court's order. The defendant husband, appellant herein, was absolutely precluded from adducing evidence to the contrary.

No citation of authority was given, none was offered and none has been found to justify the holding of the trial court. Nor is the position supported by reason.

We hold that the power of a common pleas court to enter a lump sum judgment for installments of alimony and/or support is limited to those installments which are, in fact, unpaid and also undiminished by any facts in abatement or any agreement between the parties.

As between a husband and wife, an agreement between them subsequent to and different from the order of the court will be binding upon the wife in an action by her to recover unpaid installments of the court's support and/or alimony award.

*Metzger* v. *Metzger,* 7 Ohio Law Abs. 115; *Schnierle* v. *Schnierle,* 33 Ohio Law Abs. 212; *Bidinger* v. *Bidinger,* 89 Ohio App. 274; *McCabe* v. *McCabe,* 167 N. E. 2d 364.

It is to be observed that the order in this case is not for a sum certain payable in installments but rather an order to pay a certain amount periodically until further order of the court. A party against whom a lump sum judgment is sought upon a claim that installments under such an order are unpaid has a right to show that the installments have been, as between the parties, paid, satisfied by agreement or otherwise abated by changed circumstances, and to avail himself of all other appropriate defenses including but not limited to, waiver, estoppel and/or laches. The trial court completely precluded the defendant from all of the foregoing. We hold this to be prejudicial error.

In this particular case, it is unconscionable in equity that any judgment should be entered upon this motion filed 8½ years after the last child was emancipated and

the last payment was claimed to have been made by the defendant.

There is also a specific showing of prejudice to the defendant in this case by the failure of the plaintiff over an 18 year period to make any complaint respecting the failure of the defendant to make payments to the clerk of courts. In fact, plaintiff admitted the defendant made periodic payments directly to her but stated; "I don't remember, because they were very few and far between. I couldn't actually remember each time." This admitted course of conduct on the part of the ex-wife affirmatively led the defendant to change his position, to his detriment, in reliance thereon. He has not kept his records of payments and the Income Tax Division of the Internal Revenue Service no longer has the records available to corroborate his claim. This fact distinguishes this case from *Smith* v. *Smith,* 168 Ohio St. 447 where the court, at page 456, pointed out that no attempt had been made by the defendant there to show he was prejudiced by plaintiff's delay in bringing him to court.

Because of the great lapse of time involved and her knowledge of and acquiescence in defendant's conduct, plus the change in defendant's position and loss of evidence necessary to maintain a defense, plaintiff's cause cannot be sustained.

This is not to detract from the commendable zeal with which the trial court apparently sought generally to enforce compliance with his order to "pay the clerk." However, the remedy for wilfull disobedience of the court's order is contempt, not a penalty paid to the other party who condoned the conduct.

This case is not a review of a contempt of court proceeding in which entirely different considerations might be operative. Nor does it appear that the defendant ever was wilfully in contempt of the court's order considering all the circumstances.

The judgment is reversed. Final judgment is entered for defendant.

*Judgment reversed.*

PUTMAN and McLAUGHLIN (Retired. Assigned to active duty under authority of Section 6 (C), Article IV, Constitution.), JJ., concur.

RUTHERFORD, J., concurs in part and dissents in part.

This appeal, which is on questions of law only, must be distinguished from a hearing *de novo*.

The amount of past due and delinquent installments remaining due and owing on the judgment ordering installment child support became fixed and unalterable on the date the last installment payment became due and owing which was approximately eight years before plaintiff commenced the instant action to have all past due and delinquent installment payments reduced to a "lump sum judgment." See *Smith* v. *Smith*, 168 Ohio St. 447.

"An action upon a judgment of a court of this State may be brought at any time within twenty-one years." See *Graham* v. *Simon*, 76 Ohio St. 77, quoted in *Smith* v. *Smith, supra,* at page 452.

The divorce decree had ordered payments to be made through the clerk of court and, after deducting those payments being so made, the court calculated the amount of the remaining installments which were incorporated in a "lump sum judgment" in favor of the plaintiff, Anita Kay Beiter. This amount was equal to the full amount ordered paid for support plus interest.

I concur in the reversal of the trial court's judgment because the court committed error prejudicial to the defendant in precluding all defenses except one—maintaining payment through the clerk of court. However, I dissent from the rendition of final judgment by this court in favor of the defendant John C. Beiter, upon the ground of laches. The cause is not before this court *de novo* but is here through an appeal on questions of law only and the evidence is insufficient to support a finding of laches as a matter of law.

This cause ought to be reversed and remanded to the Court of Common Pleas for trial and further proceedings according to law. Again, see *Smith* v. *Smith, supra.* In no

other way can the parties each be afforded their day in court. That is, the opportunity to present evidence, conduct cross examinations and obtain a hearing according to law. The final judgment rendered by the majority is based in a great part on proffered testimony which cannot be considered in arriving at just determinations in this dispute. No opportunity is afforded the plaintiff, against whom final judgment is awarded, to cross-examine defendant and such cannot be provided except through a new trial.