## Tope v. Tope
*[Cite as 8 AOA 253]*

*Case No. 90AP040033*
*Tuscarawas County, (5th)*
*Decided December 19, 1990*

*David Worth, 204 Second Street N.E., P.O. Box 191, New Philadelphia, Ohio 44663, for Plaintiff-Appellee.*

*John L. Woodard, 121 West 3rd Street, P.O. Box 584, Dover, Ohio 44622, for Defendant-Appellant.*

MILLIGAN, P.J.

The contest continues to flower between this mother and father, notwithstanding they were divorced in 1972.

The current controversy focuses upon child support arrearages and wage withholding thereof. These issues are tangentially impacted by an earlier proceeding by the father seeking to terminate support on the grounds that the child had graduated from high school and was age 18. In that matter the trial court ultimately overruled the objections and the motion, finding that the father, because of the date of the original support obligation, had an obligation of support until the child of the parties arrived "at the age of 21 years unless said child becomes fully employed and is self-supporting."

The decision was appealed to this court and affirmed in June 1989. As it was being appealed to the Supreme Court, the mother's motions were filed and stayed pending resolution in the Supreme Court. In January 1990, the appeal to the Supreme Court was dismissed.

The current controversy surrounds the motions filed during the appeal to the Supreme Court, and more particularly, the unpled claim of emancipation as a defense to the motion for determination of arrearage of child support.

We attach and incorporate the April 5, 1990 judgment of the trial court.

Father-appellant assigns three errors to the above judgment:

*"ASSIGNMENT OF ERROR NO. 1*
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE FATHER-APPELLANT THE RIGHT TO CROSS-EXAMINE THE MOTHER-APPELLEE AS TO THE EMANCIPATION OF HER SON, AGE 20.

*"ASSIGNMENT OF ERROR NO. 2*
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THE SON TO BE UNEMPLOYABLE SINCE IT IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.

*"ASSIGNMENT OF ERROR NO. 3*
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO CONSIDER NEWLY DISCOVERED EVIDENCE OF THE CRIMINAL ACTIVITIES OF THE SON AND HIS INCARCERATION IN WICHITA, KANSAS, FOR AGGRAVATED BURGLARY."

Overlaying all three assignments of error is the threshold question of whether the claim of emancipation is litigable under circumstances where the obligor has filed no affirmative or responsive pleading alleging the ultimate fact of emancipation.

In that regard, it is significant that, notwithstanding the trial court's observation of the posture of the father, the obligation of support *in this case* runs to 21 (instead of 18) unless "said child becomes fully employed and is self-supporting." (Judgment, Dec. 8, 1988.)

We conclude that the duty to plead emancipation as a condition of defense to a claim of contempt or motion to determine delinquency depends upon the language of

support judgment and the age of the child. If the child is under the age of majority, the claim of emancipation must be asserted in a pleading or by motion. It is an affirmative defense. Civ. R. 8(C).

However, if the child is beyond the age of majority and the custodian claims a continued responsibility of support, the burden befalls the custodian to demonstrate the existence of the condition as an essential element of the affirmative claim for relief. R.C. 3109.05, 3109.01.[1]

Appellant claims favor of R.C. 3113.21(G)(4) for the proposition that the custodian (obligee) has the burden of proof on the issue of nonemancipation of this child who is under the age of majority.

"(4) The person who has custody of a child for whom a support order is issued immediately shall notify the court that issued the order of any reason for which the support order should terminate, including, but not limited to, death, marriage, emancipation, incarceration, enlistment in the armed services, deportation, or change of legal or physical custody of the child. A willful failure to notify the court as required by this division is contempt of court.

"Upon receipt of a notice given pursuant to this division, the court shall impound any funds received for the child pursuant to the support order and set the case for a hearing for a determination of whether the support order should be terminated or modified or the court should take any appropriate action."

We do not read that consequence into R.C. 3113.21(G)(4). That section imposes a duty upon the custodian to execute notice to the obligor so that both the obligor and the court may take appropriate action to avoid overpayment. (The section appears to be a legislative *quid pro* - an olive branch extended to support obligors, generally fathers, in return for the enhanced legal rights afforded the obligee. See R.C. 3113.21, et seq.)

Upon this posture, we rule upon each of the assignments of error.

I

Although we believe appellant failed in his duty to plead emancipation, we observe, upon an examination of the entire transcript and record, that substantial justice was done. Considerable latitude was extended in the cross-examination of the mother and the proffered evidence was obviously considered by the trial court. The trial court found that appellant's son had a heart condition which made him unemployable, the son was receiving public assistance, and the financial situation of the parties had not changed. This information came out only on appellant's proffer of appellee's testimony on cross-examination.

The first assignment of error is overruled.

II

Appellant claims that the finding in the court's April 5, 1990 judgment that the son has a "severe heart condition which has continued from birth and apparently has not corrected itself making this young man for all practical purposes unemployable," is unsupported by the testimony in the case.

The mother did testify that the son was on general relief, that his last job was a temporary job, that he had not fully recovered from open heart surgery in 1984 (T. 28), that he was currently seeking employment, arid that he was restricted to certain jobs not involving heavy lifting. (T. 28-29.) The son earned $2,700 in 1989.

Notwithstanding a 1984 trial court finding that the "heart condition of the minor son has stabilized within the last year," we conclude that the trial court finding is supported by some competent evidence.

The second assignment of error is overruled.

III

Appellant claims that the trial court erred in denying his motion to consider additional evidence of criminal activities of the son (April 18, 1990 judgment).

The trial court did not err in overruling the motion as relates to a claim of evidence that the child had been accused in a newspaper account of commission of a felony after the original decision of the court.

The third assignment of error is overruled. *Beiter v. Beiter* (1970), 24 Ohio App. 2d 149, 53 O.O. 2d 361, 265 N.E. 2d 324, is inapposite. Neither *Hawthorne v. Hawthorne* (1970), 24 Ohio App. 2d 141, 53 O.O. 2d 356, 265 N.E. 2d 312, nor *Hoffmann v. Hoffmann* (1972), 32 Ohio App. 2d 186, 61 O.O. 2d 205, 289 N.E. 2d 397, support appellant's argument.

The assignments of error are overruled, and the judgment of the Tuscarawas County Common Pleas Court is affirmed.

SMART, J., and GWIN, J., concur.

---

[1] Thus under current law, R.C. 3109.05, where the child is under 18, the challenger claiming emancipation has the burden of pleading and proof. If the child is over 18 and still in school, the custodian has the burden of persuasion, and the obligor has no duty to plead. See *Schirtzinger v. Schirtzinger* (1952), 95 Ohio App. 31, 117 N.E. 2d 42 (emancipation raised by motion to release from support obligations, person raising emancipation has burden of proof); *Townsen v. Townsen* (1954), 101 Ohio App. 85, 137 N.E. 2d 789 (emancipation raised by motion to modify child support).