### Hammack v. Hammack
*[Cite as 8 AOA 122]*

Case No. 16-89-23
*Wyandot County, (3rd)*
*Decided December 31, 1990*

*David William Keller, Petri, Keller & Ratz, 659 Harding Way West, Galion, Ohio 44833, for Appellant.*

*James L. Hoover, Moulton, Ricksecker, Wagner & Hoover, 118 Harding Way West, Galion, Ohio 44833, for Appellee.*

BRYANT, J.
This is an appeal from a judgment entered by the Court of Common Pleas of Wyandot County overruling Appellant Harold Hammack's motion for contempt and, further, finding an abandonment of property and ordering Appellant to transfer title of this property to Appellee.

On January 5, 1989, Harold and Sally Hammack filed a petition for dissolution of marriage and entered into a separation agreement. The separation agreement specifically provided that Harold Hammack shall have as his individual property, free and clear of any claim of Sally S. Hammack, the 1955 Thunderbird automobile to which Harold Hammack holds title, in addition to "all of his personal goods, effects and gear which includes all chattel property peculiar to a man."

A final judgment dissolving the parties' marriage was entered April 7, 1989. The court found the separation agreement entered into by the parties to be fair and reasonable and incorporated the same into the dissolution decree.

The subject of this appeal, an inoperable 1955 Thunderbird automobile, had been stored prior to and for two months subsequent to the formal dissolution decree on marital property awarded to the Appellee. After attempts to obtain possession of the Thunderbird from Appellee had failed, Appellant filed a motion for an order finding Appellee Sally (Hammack) Teynor in contempt of court for willfully failing to surrender the automobile as specified in the dissolution decree.

A hearing pursuant to Appellant's motion was held October 23, 1989. The trial court found Appellee Sally (Hammack) Teynor not to be in contempt, overruling appellant's motion and ordering costs to Appellant. In addition, the court found Hammack to have expressly abandoned the Thunderbird and that, as a result of that abandonment, the automobile had become the property of Appellee requiring an immediate transfer of the car's title to Appellee.

It is from this judgment Appellant now appeals asserting a single assignment of error which is:

"THE COURT ERRED BY RULING THAT THIS PETITIONER-APPELLANT ABANDONED HIS 1955 THUNDERBIRD WHICH WAS SPECIFICALLY AWARDED TO HIM IN THE PARTIES' SEPARATION AGREEMENT AND THE DECREE OF DISSOLUTION WHEN ONLY TWO MONTHS HAD ELAPSED FROM THE FINAL HEARING UNTIL THE APPELLANT DEMANDED THE VEHICLE TURNED OVER TO HIM THROUGH HIS ATTORNEY AND WHEN APPELLANT TESTIFIED HE HAD NO INTENT TO ABANDON SAID VEHICLE."

Appellant's assignment of error is well taken. A judgment finding abandonment is inappropriate in the present case. The trial court lacked the jurisdiction necessary to address the issue of ownership of the automobile. The January 5th separation agreement which was incorporated into the parties' dissolution decree specifically decrees the ownership of the 1955 Thunderbird to be that of Harold Hammack. The court does not retain jurisdiction to modify a property division in a separation agreement which has been incorporated into a decree of dissolution of marriage. *Ashley v. Ashley* (1981), 1 Ohio App. 3d 80, 83. See, also, *Anderson v. Anderson* (1984), 13 Ohio App. 3d 194, 197. If a court approves the agreement of the parties, there can be no additional order respecting a subject agreed upon. *Hawthorne v. Hawthorne* (1970), 24 Ohio App. 2d 141, 146.

The issue of "abandonment" was not before the court. Indeed, the purpose of the contempt proceedings and the testimony taken therein militate against gift or other intent to transfer the Appellant's property to Appellee post decree.

In the present case, the court upon dissolution of marriage expressly approved the separation agreement finding it to be fair and reasonable and incorporating the same into the decree of dissolution. Having previously disposed of the property rights in the Thunderbird, the court lacked jurisdiction to later enter any such judgment which would effect the property division as set forth in the dissolution. The only justiciable issue before the trial court was the determination of whether Appellee was in contempt of the dissolution decree for failure to deliver Appellant's property upon demand. Therefore, we hold the trial court to have exceeded the scope of its jurisdiction in finding an abandonment of the 1955 Thunderbird automobile. We remand for further proceedings in accordance with our holding.

*Judgment reversed and cause remanded.*

SHAW, P.J., and EVANS, J., concur.