{¶ 23} I must respectfully dissent from the view of the majority which bases the primary reason for denial of the equitable defense of laches to be that Appellant was the "architect of his own demise" by not following the court order which obligated payment through the court system.
 {¶ 24} I believe that, while this is theoretically true, it fails to recognize that the courts and orders therefrom are not for the benefit of themselves, that judicial orders are not sacrosanct and that the parties may agree to other arrangements.
 {¶ 25} Here, Appellee does not know if full payment has been made.
 {¶ 26} She knew of Appellant's whereabouts at all times and made no claim of non-payment.
 {¶ 27} The unintentional loss of Appellant's records is not disputed.
 {¶ 28} Even though laches is rarely applicable, this case is virtually on all fours with this court's ruling in Beiter v.Beiter (1970), 24 Ohio App.2d 149, which stated:
 {¶ 29} "Where divorced wife had not made any complaint over 18-year-period respecting alleged failure of divorced husband, pursuant to divorce decree, to make support, maintenance and alimony payments to clerk of court, and where husband, in reliance on such conduct by wife, had not kept records of alleged payments made directly to wife and Internal Revenue Service no longer had records available to corroborate husband's claim as to such payments, wife was not entitled to maintain suit for unpaid and delinquent payments.
 {¶ 30} "As between a husband and wife, an agreement between them subsequent to and different from the order of the court will be binding upon the wife in an action by her to recover unpaid installments of the court's support and/or alimony award. Id.
 {¶ 31} "In this particular case, it is unconscionable in equity that any judgment should be entered upon this motion filed 8 1/2 years after the last child was emancipated and the last payment was claimed to have been made by the defendant. Id.
 {¶ 32} "Because of the great lapse of time involved and her knowledge of and acquiescence in defendant's conduct, plus the change in defendant's position and loss of evidence necessary to maintain a defense, plaintiff's cause cannot be sustained." Id.
 {¶ 33} I find that the evidence strongly indicates that the result of this appeal is that Appellant is paying twice and would sustain the First Assignment of Error, granting final judgment in favor of Appellee.