OPINION
{¶ 1} Plaintiff-appellant, Shera Bonenfant, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting the motion of defendant-appellee, Richard Bonenfant, to eliminate his child support arrearage. We reverse.
 {¶ 2} The record reveals the following facts relevant to this appeal: The parties were divorced on December 21, 1988. The divorce decree named appellant as the residential parent for Joseph, the parties' minor son. Child support was initially set at $146 per week. On May 5, 1992, however, the parties filed an agreed entry increasing the child support to $892 per month.
 {¶ 3} Appellant is a teacher with the Cincinnati public school system. As a teacher in the public school system, she is permitted to enroll Joseph in any school in the district. Joseph wished to attend a performing arts high school that was located in close proximity to appellee's residence. The parties agreed that attending the school would be in Joseph's best interest. Accordingly, the parties informally agreed to allow Joseph to live with appellee while attending the school for performing arts.
 {¶ 4} It is undisputed that pursuant to their arrangement, Joseph lived with appellee from June 30, 2002 until December 31, 2003. Appellant did not pay appellee any support money during this period, and appellee provided for Joseph while he lived in his home. Appellant remained Joseph's legal custodian, however, so that Joseph could attend the school of performing arts.
 {¶ 5} The record reflects that during the time Joseph resided with appellee, appellee accumulated a child support arrearage totaling $12,761.98. Consequently, on August 19, 2004, appellant filed a motion in domestic relations court requesting that appellee be found in contempt for, among other things, failing to make child support payments.
 {¶ 6} On his behalf, appellee moved to eliminate his support arrearage. In the motion, filed September 30, 2004, appellee argued that, because Joseph was living with him and supported by him for 18 months, he should not be required to pay child support for that time period.
 {¶ 7} A hearing was held before a magistrate on November 15, 2004. On December 10, 2004, the magistrate issued a written decision granting appellee's request to eliminate his support arrearage. On February 22, 2005, after a hearing on objections to the magistrate's decision, the trial court issued a written opinion upholding the decision of the magistrate. This appeal followed, in which appellant raises the following single assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO ELIMINATE HIS CHILD SUPPORT ARREARAGE."
 {¶ 9} We first note it is well-settled that a trial court has broad discretion in matters affecting child support, and its decision on a motion to modify child support will not be reversed absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In the decision granting appellee's request to eliminate the support arrearage, the magistrate, relying on two cases from this court,Viox v. Metcalfe (Mar. 2, 1998), Clermont App. No. CA97-03-026, and Flynnv. Flynn (1984), 15 Ohio App.3d 34, reasoned that requiring appellee to pay child support for the time period during which Joseph lived with him would be inequitable.
 {¶ 11} Appellant contends that equity notwithstanding, the domestic relations court disregarded the plain mandate of R.C. 3119.83 by retroactively reducing appellee's child support obligation. In pertinent part, R.C. 3119.83 provides: "[A] court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment." Accordingly, appellant contends, the trial court abused its discretion in eliminating the arrearage. For the reasons that follow, we agree.
 {¶ 12} "The function of equitable relief is to supplement the law where the law is insufficient to remedy a wrong." Barone v. Barone,
Geauga App. No. 2004-G-2575, 2005-Ohio-4479. A court of equity is authorized to render an award "on the principle that it may exercise its equitable jurisdiction to the extent of administering [the] full relief which the case demands." Sandusky Properties v. Aveni (1984),15 Ohio St.3d 273, 276.
 {¶ 13} A court does not, however, have unfettered discretion to award equitable relief. Various long-standing maxims, such as "equity follows the law," limit a court's application of equity. "When the rights of parties are clearly defined and established by law (especially when the source of such definition is through constitutional or statutory
provision) the maxim `equity follows the law' is usually strictly applied." Civil Service Personnel Ass'n., Inc. v. City of Akron (1976),48 Ohio St.2d 25, 27. (Emphasis added.)
 {¶ 14} Thus, while it is often tempting to decide difficult cases on the subjective principles of equity, courts have an obligation to resist that temptation and follow the law. Schwaben v. School Emp. RetirementSys., 76 Ohio St.3d 280, 285, 1996-Ohio-48. See, also, In re Adoption ofZschach (1996), 75 Ohio St.3d 648, 664 (strictly applying a statute to terminate the rights of a putative father who failed to properly object to an adoption).
 {¶ 15} Furthermore, Viox and Flynn, the two cases from this court that the trial court relied on to justify its decision, are distinguishable from the case at bar, and were improperly applied to the facts of this case.
 {¶ 16} In Viox, the parties had a shared parenting plan, "SPP." Under the plan, father was the residential parent of the parties' three minor children for school purposes, and mother had the children for the summer. There was no support to be paid by either parent to the other. On motion, the trial court terminated the SPP and awarded custody to mother and visitation to father, as well as a support order from father to mother. Father appealed, and later asked for a stay of the custody order pending appeal, which this court granted. While the case pended, the parties continued to operate under the SPP, where the parties' three minor children stayed with father during the school year, and with mother in the summer. At one point, the oldest child went to live with mother. No support was paid by either parent. This court affirmed the trial court's custody award to mother, and, sometime thereafter, mother took custody of all three children. Thereafter, the CSEA sought support arrearages from father dating back to the original custody award to mother. Father again appealed saying he should not have a support obligation while the children were with him. This court ruled in father's favor to the extent that he was not obligated for support while the children were with him under the SPP pursuant to the stay. This court remanded the support question to the trial court to sort out the confusing fact pattern as to which children were with father or mother for what periods of time and to calculate support accordingly. The factors impacting the calculation should have been the lack of a support obligation under the SPP, the six-month delay in father requesting a stay of the new custody order pending appeal, the stay pending appeal, the oldest child going to mother while the younger two children stayed with father in the middle of the appeal period, and father going to court and preserving his status under the SPP while trying to resolve the matter, rather than sitting idly on all issues and asking for credit after the fact.
 {¶ 17} In Flynn, an agreed entry signed by the parties and the court effectuated a temporary change in custody of the parties' only minor child. The agreed entry was silent with respect to modifying or temporarily suspending support payments. We held in that case that the parent with temporary custody pursuant to a court order was not required to make support payments while that parent had temporary custody of the parties' minor child.
 {¶ 18} In the instant case, no legal change of custody ever took place through the court. In fact, the parties in this case intended not to change custody in their private arrangement in any way whatsoever. The court was only made aware of the child's living arrangements, and appellee's failure to pay child support, when the parties filed their respective motions as to the support arrearage approximately two years later.
 {¶ 19} Since, in the case at bar, no change of custody order was ever issued, the application of R.C. 3119.83 is clear. Equity is inapplicable. Thus, we find the trial court erred in applying Viox andFlynn to the facts of this case.
 {¶ 20} For all the foregoing reasons, we find the trial court abused its discretion in eliminating appellee's child support arrearage. The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion, and according to law.
 {¶ 21} Judgment reversed and remanded.
Young and Bressler, JJ., concur.