OPINION
{¶ 1} Defendant-appellant, Donald H. Bogert, appeals from the judgment of the Geauga County Court of Common Pleas, granting plaintiff-appellee, Judith Lee Ronyak-Bogert's motion to reduce an arrearage in temporary spousal support to judgment and denial of his motion for relief from judgment. We affirm the decision of the lower court.
 {¶ 2} Donald and Judith were married on February 26, 1995 in Lake Tahoe, Nevada. No children were born as issue of the marriage. On January 28, 2004, Judith filed a complaint for divorce, which included a request for temporary spousal support. The parties were living together on the date that the complaint was filed and continued to live together during the pendency of the divorce proceedings.
 {¶ 3} On June 21, 2004, the magistrate held a hearing regarding Judith's request for temporary support. On July 7, the parties submitted an Agreed Magistrate's Order, which was adopted and journalized by the court. Pursuant to the order, each party agreed that they would be responsible for one-half of the mortgage payments on the marital home, in the amount of $861.00. Donald was ordered to pay his half to Judith, who was required to make the payment to the mortgage company when due. Similarly, Donald was to be responsible for one-half of the utilities on the marital home, defined to include "gas, electric and garbage removal," in the amount of $150.00. Donald was to make these payments to Judith similar to the terms of the mortgage payment. Finally, the order provided that Donald was responsible for payment of "one-half of the grocery/food expenses of the marital house, in the amount of $200.00 per month." The order required that Donald was to pay this amount to Judith directly in cash, or in the alternative, Donald could provide to Judith proof of payment of monthly grocery expenses in the agreed upon amount.
 {¶ 4} On July 28, 2004, Judith filed a "motion for payment of temporary spousal support by way of wage withholding." Attached to this motion was a copy of the Agreed Magistrate's Order and an affidavit from Judith stating that Donald had informed her that he "does not intend to pay her anything on the order" and that without the withholding, the agreed order would be ignored.
 {¶ 5} On August 3, 2004, the June 21, 2004 order was replaced by another Agreed Magistrate's Order, filed nunc pro tunc. This order retained the original three provisions of the June 21, 2004 order, but added a sentence indicating that the agreed order was effective as of January 28, 2004, the date of the filing of the divorce action.[1] The order additionally provided that Donald would receive "a credit against any obligations herein upon proof of payment thereof."
 {¶ 6} On September 16, 2004, Judith filed a motion for an order requiring Donald to show cause, why he should not be held in contempt for failure to comply with the temporary spousal support order. This motion was combined with a motion requesting that the court reduce the temporary support arrearage to judgment. Attached to the motion was Judith's affidavit stating that Donald had failed to pay any of the support pursuant to the agreement, and was in arrears in the amount of $8,127.00 as of August 28, 2004.
 {¶ 7} Following a continuance, a hearing was held on November 1, 2004, on Judith's motion to reduce the arrearage to judgment.[2] On the same date, Donald filed a motion for relief from the court's nunc pro tunc order granting temporary spousal support, pursuant to Civ.R. 60(B)(4), in which he generally averred that Judith's income had increased since the time the temporary support order was entered, and thus, enforcement of the order would no longer be equitable. At the hearing, the Magistrate denied Donald's motion without a hearing and proceeded to take testimony on Judith's motion to reduce the support order to judgment.
 {¶ 8} At the hearing, testimony adduced from both parties indicated that Donald had never made any payment, either for the mortgage on the marital home, or for the gas, electric, or garbage removal bills. However, Donald introduced into evidence bank statements and cancelled checks showing payment for cable television, internet service provider and cellular phone bills for this period. Donald argued that he should receive a credit against any arrearage for these payments, since both parties benefited from his payment of these expenses.
 {¶ 9} Another matter disputed between the parties was the extent to which Donald made payments for groceries. Donald introduced evidence of his debit card statements in order to demonstrate that he paid in excess of the agreed-upon amount of $200 per month for food and beverages for the period of January 28 through September 10, 2004. Donald argued that these amounts should be used to offset his obligations under the temporary support agreement, since both parties benefited from these purchases.
 {¶ 10} Donald also introduced evidence showing that he had spent substantial amounts on alcoholic beverages, which were consumed in the household by both parties, and he argued that he should receive credit for these purchases against his obligation.
 {¶ 11} Following the hearing, the magistrate rendered judgment in favor of Judith in the sum of $8,649.00, plus interest. In the magistrate's decision, he made the following relevant findings of fact and conclusions of law:
 {¶ 12} "Defendant's obligation, per the August 3, 2004 entry, was to pay to Plaintiff the sum of One thousand One Hundred Sixty-One Dollars ($1,161) per month.
 {¶ 13} "Defendant has not paid to Plaintiff one-half of the mortgage each month; Defendant has also not paid One Hundred Fifty Dollars ($150) to Plaintiff each month for utilities; and Defendant has not paid Two Hundred Dollars ($200) to Plaintiff for food.
 {¶ 14} "Defendant has purchased food for the house.
 {¶ 15} "In some months, Defendant purchased less than Two Hundred Dollars ($200) per month in food. In other months he purchased more than Two Hundred Dollars ($200) in food.
 {¶ 16} "Plaintiff, by and through counsel, stipulated that defendant should receive credit for Two Hundred Dollars ($200) per month for food against his obligation."
 {¶ 17} "Defendant has paid expenses for Adelphia, which include cable and the parties' computer. He has also made payments to wireless on his cell phone.
 {¶ 18} "Defendant has also spent substantial amounts of money each month for alcohol. Some of the individual expenses for alcohol included some pop.
 {¶ 19} "Defendant has failed to pay the sum of One Thousand One Hundred Sixty-One Dollars ($1,161) per month to Plaintiff per the Nunc Pro Tunc Entry, and agreement of the parties."
 {¶ 20} The magistrate then concluded that "Plaintiff is entitled to judgment against Defendant in the sum of Eight Thousand Six Hundred Forty-Nine Dollars ($8,649), plus statutory interest from November 1, 2004. The judgment is computed on Defendant's failure to pay the sum of One Thousand One Hundred Sixty-One Dollars ($1,161) times nine (9) months, minus the One Thousand Eight Hundred ($1,800) credit for food purchased by him."
 {¶ 21} Donald timely filed objections to the magistrate's decision. On January 5, 2005, the court overruled Donald's objections and approved and adopted the magistrate's decision. Donald appealed, however the appeal was dismissed without prejudice for lack of a final appealable order, since the divorce decree had not been issued. Following Judith's voluntary dismissal of her divorce complaint, Donald timely motioned this court to reinstate this appeal, and this court vacated its prior order dismissing the appeal. Donald asserts the following five assignments of error for our review:
 {¶ 22} "[1.] The Magistrate and the Trial Court erred in not allowing testimony which would prove that the Plaintiff-Appellee waived her right to enforce the temporary spousal support order by her behavior.
 {¶ 23} "[2.] The Magistrate and the Trial Court erred in not granting the Defendant-Appellant credit for the food and beverage expenses that Defendant-Appellant in fact paid.
 {¶ 24} "[3.] The Magistrate and the Trial Court erred in not granting the Defendant-Appellant credit for the utility expenses that he in fact paid and presented evidence in support of the payment.
 {¶ 25} "[4.] The Magistrate and the Trial Court erred in summarily denying the Defendant-Appellant's Motion for Relief from Judgment.
 {¶ 26} "[5.] The Trial Court erred in granting the Plaintiff-Appellee Judgment in the Amount of $8,649.00 plus interest."
 {¶ 27} When reviewing a trial court's determinations in a domestic relations case, including an award of temporary spousal support, an appellate court applies an abuse of discretion standard. Lambert v. Lambert, 11th Dist. No. 2004-P-0057,2005-Ohio-2259, at ¶ 20, citing Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. An abuse of discretion is more than an error of law or judgment; rather it implies that the court's decision was "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 (citation omitted).
 {¶ 28} In his first assignment of error, Donald argues that the trial court erred by excluding relevant evidence which, if allowed by the trial court, would have shown that Judith's conduct, including remaining in the marital home with Donald during the proceedings, as well as the parties' continuing to socialize together and engage in marital relations while the proceedings were pending, constituted a waiver of her right to temporary spousal support.
 {¶ 29} A trial court's decision to admit or exclude evidence will likewise not be overturned absent an abuse of discretion.O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. Even if the trial court is found to have abused its discretion with regard to the admissibility of certain evidence, the judgment will not be disturbed unless such abuse affected the substantial rights of the complaining party or is inconsistent with the notion of substantial justice. Id. at 164.
 {¶ 30} Evid.R. 401 defines "relevant evidence" as that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added). Evid.R. 402 provides that "evidence which is not relevant is not admissible."
 {¶ 31} At the hearing, Donald proffered testimony over Judith's sustained objections that during the entire proceedings, the parties lived together in the same household, socialized together, that Donald assisted Judith with her business activities, and that the parties engaged in marital relations, thus creating, by Judith's voluntary acquiescence, a waiver of her right to enforce the temporary order.
 {¶ 32} We conclude that the magistrate did not abuse his discretion by excluding the proffered evidence, since it was irrelevant to the issue of the enforceability of the temporary order. Donald cites to the case of Beiter v. Beiter (1970),24 Ohio App.2d 149, 150, in support of the proposition that an agreement between a husband and wife "subsequent to and different from the order of the court will be binding * * * in an action * * * to recover unpaid installments of the court's support and/or alimony award." Beiter is inapposite to the case sub judice. Key to the court's decision in Beiter was the notion that "[a] party against whom a lump sum judgment is sought upon a claim that installments under such an order are unpaid has a right to show that the installments have been, * * * paid, satisfied by agreement or otherwise abated by changed circumstances." Id.
 {¶ 33} Here, the evidence is undisputed that Donald did not make any payments to Judith for either his share of the mortgage payments or his share of the "gas, electric, or garbage removal," as contemplated by the agreed magistrate's entry. Furthermore, it is obvious that the agreed magistrate's entry was made in contemplation of the parties continuing to live together during the pendency of the proceedings, since the entry specifically provided that each party would contribute equally to the aforementioned household expenses "until further order" of the court. Unlike the appellant in Beiter, even if the evidence Donald sought to admit was relevant and admissible, he cannot demonstrate that he was prejudiced by the court's evidentiary ruling. Donald does not prove, nor does he allege, any changed circumstances from the date of the entry of the order, or that he changed his position in reliance on any of Judith's alleged behavior. The record reveals that each party continued to act in furtherance of obtaining a divorce during the period in question, despite the fact that they continued to live together. Even if the allegations of continuing to engage in "marital relations" during the period in question are accepted as true, they would not relieve Donald from his obligations under the support order. See Synovetz v. Synovetz (Apr. 24, 1996), 9th Dist. No. 95CA006197, 1996 Ohio App. LEXIS 1635, at *5, citing Piscione v.Piscione (1992), 85 Ohio App. 3d 273, 276 ("[c]ohabitation * * * requires more than simply living together and having sexual relations.")
 {¶ 34} We find Donald's first assignment of error to be without merit.
 {¶ 35} Since Donald's second and third assignments of error are concerned with similar issues, they will be addressed together. In his second assignment of error, Donald argues that the magistrate and the trial court erred by not giving him credit for food and beverage expenses he paid. In his third assignment of error, Donald maintains that the magistrate and the trial court erred in not granting him credit for all of the utility payments he made.
 {¶ 36} Evidence adduced at the hearing shows that Donald paid, over the relevant period, $1,928.82 for food and other groceries and $2,165.50, primarily for alcoholic beverages and "some pop". Under the Agreed Magistrate's Order, Donald was obligated to pay $200 per month for "grocery/food expenses for the marital house." Thus, for the nine month period from February through October 2004, Donald was obligated to pay a total of $1,800.00.
 {¶ 37} Prior to the magistrate's decision, Judith stipulated that Donald should receive credit in the amount of $1,800.00 for grocery expenses, and this figure was used to offset Donald's unpaid obligations under the agreement. The remaining amount of the judgment for the nine month period consisted of the unpaid mortgage balance for the nine month period in the amount of $7,749.00 ($861.00 x 9 months) and the unpaid utilities balance of $1,350.00 ($150.00 x 9 months) for a total of $8,649.00. Donald first argues that the court should have given him full credit for "food and beverage expenses" he paid, since they were "consumed by both parties and used at the household." He additionally argues that the trial court erred by failing to apply a credit against the final judgment amount for utilities. Donald introduced evidence at trial, showing that he paid $875.31 for expenses he characterized as "utilities," which included a total of $167.30 for America Online charges, $620.88 to Adelphia, for cable television and cable internet service, and $87.13 to Verizon, which Donald admitted was a payment for his own cell phone.
 {¶ 38} The Agreed Magistrate's Order specifically provided that Donald was responsible for "one-half of the utilities of the marital home to include: gas, electric, [and] garbage removal." (Emphasis added). It is axiomatic that judgments and orders of the court "are to be construed like other written instruments by giving the language * * * its ordinary meaning." Shaver v.Standard Oil Co. (1999), 135 Ohio App.3d 242, 248. Thus, from the clear language of the order that Donald's utility payments were confined to paying half of the expense for gas, electric and garbage removal only. The trial court did not abuse its discretion by not giving Donald a credit for expenses which did not fall into these three specific categories.
 {¶ 39} For the same reasons, the trial court did not abuse its discretion by not giving Donald credit for additional food purchases made by declining to include Donald's alcohol purchases as part of the "grocery/food" expense. Groceries are defined as "commodities sold by a grocer," and grocer, is in turn, defined as "a storekeeper who sells foodstuffs and household supplies."Webster's II New College Dictionary (1999), p. 490. Foodstuffs are defined as substances "that can be used or prepared for use as food." See Id. at p. 435. Thus, by the plain meaning of the order, alcohol is not properly included as either a grocery or food item, and the court did not err by not giving Donald a credit for these purchases. Furthermore, since the extent of Donald's obligation was $200 per month for groceries and food, anything he spent over and above that total can only be considered gratuitious for the purposes of the court's order.
 {¶ 40} Donald's second and third assigned errors are without merit.
 {¶ 41} In his fifth assignment of error, Donald complains that the trial court erred by granting judgment in favor of Judith in the amount of $8,649.00 plus interest. In essence, each assigned error challenges the magistrate's findings adopted by the trial court as being against the manifest weight of the evidence.
 {¶ 42} Manifest weight of the evidence concerns issues of fact, and "[j]udgments supported by some competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. V.Foley Const. Co. (1978), 54 Ohio St.2d 279, syllabus. In reviewing a manifest weight argument, the trial court's "determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal * * *." Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 81. Furthermore, there is a presumption on appeal that the findings of fact as determined by the trier of fact are correct. State exrel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46 (citation omitted).
 {¶ 43} Donald makes the same arguments as in his second and third assignments of error. Evidence adduced at the hearing revealed that Donald does not dispute that he made no payments toward the mortgage or for gas, electric or garbage collection bills for the marital home during the relevant period. These amounts, less the credit Donald received for actual food and grocery purposes, total the judgment amount of $8,649.00. Since we previously concluded that the trial court properly excluded the additional food purchases, the alcohol purchases, the cable TV, cable internet, the cell phone expenses paid by Donald, we conclude that the judgment of the trial court was supported by competent and credible evidence. Donald's fifth assignment of error is without merit.
 {¶ 44} In Donald's fourth assignment of error, Donald argues that the magistrate erred by summarily denying his motion for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 45} Judgments of a trial court overruling a Civ.R. 60(B) motion will not be overturned, absent an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 46} A review of the record indicates that Donald filed his motion for relief from judgment on the day of the hearing, alleging in his brief in support that Judith's income had increased relative to what she had previously reported, and therefore, he was entitled to relief from the Agreed Magistrate's Order.
 {¶ 47} Civ.R. 60(B) states, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding." (Emphasis added). An order of temporary spousal support is, by both operation and definition, not a final order. McCreery v.McCreery (Jan. 22, 1998), 5th Dist. No. 97AP020012, 1998 Ohio App. LEXIS 782, at *3-*4. Thus, an order for temporary spousal support is not an order for which a motion pursuant to Civ.R. 60(B) is an appropriate remedy. See Coleman v. Coleman, 2nd Dist. No. 2003 CA 39, 2004-Ohio-1018, at ¶ 12 (citation omitted) (If a lower court's order or decision "fails to dispose of the entire case, it is not a final order under Civ.R. 60(B)"). Accordingly, we conclude the court did not abuse its discretion by approving the magistrate's dismissal of Donald's motion without a hearing. Donald's fifth assignment of error is without merit.
 {¶ 48} For the foregoing reasons, we affirm the judgment of the Geauga County Court of Common Pleas.
Ford, P.J. O'Neill, J., concur.
[1] This retroactivity provision was not challenged on appeal.
[2] At the hearing, Judith elected to withdraw her motion requesting that the temporary spousal support order be paid by means of a wage withholding and likewise elected not to proceed on her motion to show cause. The hearing proceeded on the sole remaining issue, that is, Judith's motion to reduce the temporary spousal support arrearage to judgment.