OPINION
{¶ 1} Defendant-appellant, Brian K. Knuckles, appeals the trial court's decision denying his motion to abate his child support arrearage.[1] We affirm the trial court's decision.
 {¶ 2} On August 14, 2001, plaintiff-appellee, Christina Lynn Byrd n.k.a. Reeder, filed *Page 2 
a complaint for support against appellant, the natural father of his minor child. In part, appellee alleged that appellant failed to adequately support the child. On November 13, 2001, the juvenile court ordered appellant to pay appellee $374.20 per month for child support.
 {¶ 3} On January 15, 2002, the Clermont County Department of Job and Family Services, Child Support Division, ("CCDJFS") filed a motion requesting that appellant be found in contempt for failing to pay his child support obligation, and alleged that appellant owed appellee $1,014.33 as of January 1, 2002 in arrearage. On March 28, 2002 the juvenile court reduced appellant's obligation and ordered him to pay appellee $273.17 per month for child support, and $43.33 per month to satisfy his arrearage. The juvenile court did not find appellant to be in contempt at this time.
 {¶ 4} On November 21, 2002, CCDJFS filed a second motion requesting that appellant be found in contempt for failing to pay his child support obligation, and alleged that appellant owed appellee $3,508.55 as of September 19, 2002 in arrearage. On December 23, 2002, the juvenile court dismissed CCDJFS's complaint without prejudice.
 {¶ 5} On July 25, 2003, CCDJFS filed a third motion requesting that appellant be found in contempt for failing to pay his child support obligation, and alleged that appellant owed appellee $5,171.37 as of July 10, 2003 in arrearage. When appellant failed to appear for the hearing on CCDJFS's motion, the juvenile court issued a bench warrant for appellant's arrest.
 {¶ 6} On May 24, 2004, the juvenile court found appellant in contempt for failure to pay child support, and ordered appellant to be incarcerated in the Clermont County Jail for 30 days unless he satisfied his arrearage by September 13, 2004. The juvenile court issued another bench warrant for appellant's arrest after appellant failed to satisfy his arrearage by that date, and failed to appear at the jail as previously ordered by the court. Appellant was *Page 3 
arrested and taken to jail pursuant to this bench warrant. The juvenile court granted appellant's motion to mitigate his sentence, after appellant served 21 days of his sentence.
 {¶ 7} On December 29, 2005, CCDJFS filed a motion indicating that appellee's husband, Brad A. Reeder, had adopted the child, and requested that appellant's child support obligation be terminated. The juvenile court granted the motion with respect to appellant's future child support obligation.
 {¶ 8} On January 5, 2006, appellant moved to abate one half of his child support arrearage, based on the child's adoption. At a hearing on appellant's motion before the juvenile court magistrate, appellant and appellee indicated that the current amount of appellant's arrearage was $7,420.16, and that appellee agreed to waive or forgive half of that amount, such that appellant's obligation would be reduced to $3,710.08. The magistrate took the matter under advisement, and permitted appellant to file a brief on the issue. After considering the evidence and appellant's brief, the magistrate held that the parties' agreement to abate half of the arrearage was unlawful and denied appellant's motion. Appellant objected to the magistrate's decision, and the juvenile court adopted the magistrate's decision. Appellant appeals the trial court's decision, raising the following assignment of error:
 {¶ 9} "THE MAGISTRATE ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING HIS MOTION TO ABATE OR REDUCE PAST DUE CHILD SUPPORT."
 {¶ 10} Appellant raises two issues in his assignment of error. First, appellant argues that the magistrate erred in overruling his motion to abate half of his arrearage, since the parties mutually agreed to reduce the arrearage by half. Second, appellant argues the trial court misapplied the law to the undisputed facts of this case. We disagree.
 {¶ 11} Initially, we note that a trial court has broad discretion in matters concerning *Page 4 
child support, and its decision on a motion to modify child support will not be reversed absent an abuse of discretion. Pauly v. Pauly,80 Ohio St.3d 386, 390, 1997-Ohio-105, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} It is well-established in Ohio that past-due child support cannot be modified retroactively, as a juvenile court is without jurisdiction to make such a modification. See Harless v. Lambert, Meigs App. No. 06CA6, 2007-Ohio-2207, ¶ 11, citing McPherson v. McPherson
(1950), 153 Ohio St. 82; Bonefant v. Bonefant, Butler App. No. CA2005-03-065, 2005-Ohio-6037, ¶ 11; RC. 3119.83.
 {¶ 13} R.C. 3119.83 provides, in relevant part, "a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment."
 {¶ 14} In denying appellant's motion to abate his arrearage, the juvenile court cited this court's decision in Bonefant, in which we relied on R.C. 3119.83 in reversing a trial court's decision to eliminate a father's child support arrearage. Appellant maintains thatBonefant is inapplicable to this case, as the parties in this case mutually agreed to reduce appellant's arrearage, and no such agreement existed in Bonefant.
 {¶ 15} While appellant is correct in his assertion that this case is factually distinguishable from Bonefant, appellant has failed to demonstrate why the plain language of R.C. 3119.83 does not apply to this case. R.C. 3119.83 clearly provides that neither the juvenile court, nor CCDJFS may modify appellant's child support arrearage. Some courts have recognized extreme circumstances where equitable considerations may permit retroactive modification of child support arrearages. See Osborne v. Osborne (1992), 81 Ohio App.3d 666, 674. However, it was within the juvenile court's discretion to determine whether the facts of this case justify equitable relief, and we find that the juvenile court did *Page 5 
not abuse its discretion in its decision.
 {¶ 16} We recognize that appellant relies on decisions of other appellate courts which are inconsistent with our holding in this case. See Eckliff v. Walters, 168 Ohio App.3d 727, 2006-Ohio-4817; Davis v.Davis (1992), Montgomery App. No. 12564; Nelson v. Nelson (1990),65 Ohio App.3d 800; Beiter v. Beiter (1970), 24 Ohio App.2d 149; Green v.Green (1963), 120 Ohio App. 112. Some of these cases are factually dissimilar to this case, but none of these courts applied or analyzed R.C. 3119.83, or the statute it amended and replaced, R.C.3113.21(M)(3). We are not persuaded by the reasoning in any of these decisions.
 {¶ 17} Rather, we agree with the decision in Hedrick v. Wyno (July 5, 2001), Summit App. No. 20380, in holding that once it is determined past-due child support is owed, a court cannot modify that amount, notwithstanding an agreement between the parties to the contrary. As the court stated in Brady v. Brady, Montgomery App. No. 19006, 2002-Ohio-1879, "the amount of the arrearage is fixed and cannot be modified by the court — now or ever."
 {¶ 18} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion. *Page 1